BALL *v.* THE GRANITE STATE MUTUAL AID ASSOCIATION.

A mutual aid association may waive a condition in their certificate of membership that the same shall be void if any untrue answers have been given to questions in the application, although the contract contains an express warranty by the applicant that the answers are true.

It will be such a waiver if, with knowledge that the applicant has catarrh and for many years has been subject to a catarrhal cough, they accept the premium and issue a certificate, although the applicant, in answer to direct questions in the application, without intending to misrepresent the facts or deceive the defendants, stated that he had no disease of the throat or lungs, and, to the best of his knowledge and belief, no other disease, when, as he knew, he had catarrh, by which both his throat and lungs were more or less affected and his health impaired.

By continuing to receive from the member his annual dues and assessments, with such knowledge, the association are estopped to set up the condition in their certificate, or the warranty of the member as to the truth of his answers, as a defence to an action on the certificate.

CLARK, J. This is an action of debt upon a certificate of membership issued to Alvin W. Ball, dated November 30, 1883, wherein the defendants agreed to pay to the plaintiff, if living, if not, to the heirs at law of Alvin W., "within sixty days after due proof of the death of said member, a sum equal to the amount received from one death assessment, but not to exceed $5,000.00, provided said member continues to observe and comply with the covenants and conditions specified in this certificate during his life; otherwise the membership, with all moneys paid to the association and all

claims against the same, shall be forfeited, and this certificate shall be null and void." There was a verdict for the plaintiff for $5,278.23.

The certificate of membership upon which the action is founded declares that it is issued and accepted under the covenants and conditions " that no misrepresentations have been made, no untrue answers given to the questions contained in the application, which is hereby made a part of this certificate and a warranty on the part of the said member and the beneficiary, no facts suppressed, and no fraud or deception used by the said member calculated to deceive or mislead the agent or officers of the association." The application contained the following clause:. "It is hereby agreed that the above and foregoing application, with the declarations and statements therein made, shall form the basis of the contract by and between the above named applicant and The Granite State Mutual Aid Association, and that if any of these statements and answers therein made are untrue and false, or any facts touching the health of the applicant are concealed, or any statements or untrue answers made tending to deceive the association, or if the applicant neglects to pay any of the assessments or annual payments . . . , then, in either event, this contract shall become null and void, and all moneys which shall have been paid shall be forfeited, and the policy issued to the applicant hereupon shall not be binding upon the association." In answer to questions contained in the application, Ball stated that he had never been afflicted with any disease of the lungs or throat, and that he was then free from all diseases and complaints, to the best of his knowledge and belief. It is conceded that these answers were untrue, and that Ball then had, and for several years had had, to his knowledge, a disease called catarrh, by which both his throat and lungs were more or less affected and his health impaired.

Unless these facts are controlled or modified by other circumstances, the contract of insurance was void. The statements of Ball, in answer to the inquiries in the application concerning his health, whether they are regarded as warranties or representations, were made conclusively material by the express agreement of the parties, and the policy was to be void if they were untrue; and it being conceded that they were untrue, the forfeiture contemplated by the agreement necessarily follows, unless it has been waived. May Ins., s. 206; *Jeffries* v. *Life Ins. Co.*, 22 Wall. 47; *Ætna Life Ins. Co.* v. *France*, 91 U. S. 510; *Foot* v. *Ætna Life Ins. Co. of Hartford*, 61 N. Y. 571; *Barteau* v. *Phœnix Ins. Co.*, 67 N. Y. 595; *Price* v. *Phœnix Mutual Life Ins. Co.*, 17 Minn. 497; *Day* v. *M. B. Life Ins. Co.*, 1 McAr. 41—*S. C.*, 29 Am. Rep. 565; *Vose* v. *Eagle Life and Health Ins. Co.*, 6 Cush. 42; *Miles* v. *Conn. Mutual Life Ins. Co.*, 3 Gray 580; *Campbell* v. *N. E. Mutual Life Ins. Co.*, 98 Mass. 381; *Lowell* v. *Middlesex Mutual Fire Ins. Co.*, 8 Cush. 127; *Hartwell* v. *Alabama Gold Life Ins. Co.*, 33 La. Ann.

1353; *Thomson* v. *Weems*, 9 H. L. App. Cas. 671—*S. C.*, 36 Moak Eng. Rep. 228.

But it appears that in addition to the statements and answers of Ball, the application contained the certificate of the examining physician, in which he stated that Ball had catarrh, and had been subject to a catarrhal cough for many years, and that he considered him a medium risk. This certificate, furnished by Ball as a part of his application, and containing a true statement of the condition of his health, was before the officers of the association when they accepted the risk, received the premium, and issued the policy. It was issued with the knowledge on the part of the association that the answers of Ball were not true in every particular, if the certificate of the examining physician was correct; and under instructions that the plaintiff could recover, although Ball knew of the disease, if he made the answers accidentally and with no intention to misrepresent the facts or to deceive the defendants, the jury have found by their verdict that there was no intentional concealment or misrepresentation on the part of Ball.

It is not to be assumed that the association issued and received the premium and assessments upon a policy which they knew to be worthless to the holder; and the acceptance of the risk, with the knowledge that Ball had catarrh and had been subject to a catarrhal cough for years, must be regarded either as an admission that catarrh was not such a disease of the lungs or throat as was contemplated in the application, or as a waiver of the condition that the inaccurate answers of Ball should avoid the contract. Issuing the policy with knowledge of the actual condition of the health of the insured was a waiver of the condition making an inaccurate statement as to his health and avoidance of the policy; and by treating the contract of insurance as valid and subsisting, by making and receiving subsequent assessments upon it with full knowledge of all the facts, the defendants are estopped to avoid it for erroneous statements in the application. *Appleton* v. *Ins. Co.*, 59 N. H. 541; *Hadley* v. *N. H. Ins. Co.*, 55 N. H. 110; *Barnes* v. *Ins. Co.*, 45 N. H. 21; *Horn* v. *Cole*, 51 N. H. 287; *Insurance Co.* v. *Wolff*, 95 U. S. 326; *Van Schoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434, 436; *Morrison* v. *Wisconsin Odd Fellows' Mutual Life Ins. Co.*, 59 Wis. 163, 168; *Schwarzbach* v. *Ohio Valley Protective Union*, 25 W. Va. 622, 665, 666.

The case finds that there was no evidence tending to show the amount received from one death assessment; and, subject to exception, the jury were instructed to return a verdict for $5,000 with interest after sixty days from the proof of Ball's death, in case they found for the plaintiff. This was error. The plaintiff was entitled to a sum equal to the amount received from one death assessment. If there was no evidence to show what that sum was, he could recover only nominal damages. The condition in the policy, that the sum recovered should not exceed $5,000, was no evidence that

the sum received from one death assessment would amount to $5,000.

*New trial.*

CARPENTER, J., did not sit: the others concurred.

*Lane & Dole* and *Albin & Martin*, for the plaintiff.

*Batchelder & Faulkner* and *E. M. Forbes*, for the defendants.