Grafton, }
June, 1894. }

### GRAFTON COUNTY *v.* HAVERHILL.

County farms are subject to taxation; but court-houses and jails are not, although not included in the list of property exempted from taxation by statute.

PETITION, for abatement of taxes assessed in April, 1893, on the court-house, jail, and county farm, which the plaintiffs claim are exempt from taxation.

*Bingham, Mitchell & Batchellor*, for the plaintiffs.

*Samuel B. Page*, for the defendants.

WALLACE, J. This is a petition for the abatement of taxes assessed in April, 1893, by the town of Haverhill on the Grafton county farm, court-house, and jail. The town of Haverhill

claims that this public property is taxable, because in the Public Statutes real estate of the counties is omitted from the list of property specifically exempted from taxation. The county of Grafton claims this property is exempt from taxation on general principles.

This is that kind of property which is always presumptively exempted from the operation of general tax laws, because it is reasonable to suppose they were not within the intent of the legislature in enacting them. Such is the case with the property belonging to the state and its minor subdivisions, such as counties and municipalities, which are held by them for public purposes. The power to tax such property doubtless exists if the state shall see fit to exercise it; but that would render necessary new taxes to meet the demand of this tax, and thus the public would be taxing itself in order to raise money to pay over to itself. It cannot be supposed that the legislature would ever purposely and unnecessarily lay such a burden upon public property held by the state or any of its minor subdivisions, and it is therefore reasonable to consider that however general may be the enumeration of taxable property, public property held by the state and counties and municipalities for public and governmental uses was intended to be exempted, unless the right or duty to tax it was provided for in the most express and positive terms, or by necessary implication. Cool. Tax. 172; Black. Tax Tit. 410.

The property of the state is exempt from taxation, because, as the sovereign power, it derives its revenues from taxation that it may discharge the duties and pay the expenses of carrying on the government. Public money derived from taxation is used to build state houses, court-houses, prisons, and jails for public use, and these are the instrumentalities by which the state performs its functions. As a tax on such property is perfectly useless, and to a certain extent diminishes the capacity of the state, it is clear such property is not subject to taxation in any form, unless made so by express, positive enactments to that effect. Such property is exempt from taxation on general principles of public policy, except in cases of express provisions to the contrary. Although the property of the county of Grafton is not, strictly speaking, the property of the state, yet the authority by which the county holds it is derived from the statute (P. S., c. 24, s. 2), which imposes upon it the duty to provide a suitable court-house, jail, house of correction, and other necessary county buildings. Where thus provided, such public property, although owned by the counties, is held for the uses and purposes of the state, and is essential to the administration of the executive and judicial duties of the government; and is not to be deemed subject to taxation in any form, unless the intent of the legislature

to render it so clearly and unequivocally appears, or arises by necessary implication from the statute. If this tax is to stand, it would be a lien on this public property, and one of the means by which it could be collected would be a sale. We do not think it was the intent of the legislature to subject such public property to such a remedy, when its enforcement might operate to deprive the counties of the very instrumentalities by which they are able to perform the duties imposed upon them, and might be attended with serious inconvenience or positive injury to the administration of justice in the state. Cool. Tax. 172; *Kidder* v. *French*, Smith (N. H.) 155; *Worcester County* v. *Worcester*, 116 Mass. 193; *Louisville* v. *Commonwealth*, 1 Duv. (Ky.) 295; *Schuylkill County* v. *North Manheim*, 42 Pa. St. 21; *People* v. *Doe*, 36 Cal. 220; *Nashville* v. *Bank of Tenn.*, 1 Swan 269.

Furthermore, by immemorial usage and universal consent in this state, court-houses, jails, and other similar public property have always been exempt from taxation. *Smith*, C. J., in a note made in *Kidder* v. *French*, *supra* (*p.* 157), says, "It is certainly not true that all lands in the town were ever taxed, or now are. Lands owned by the town are not taxed, and yet are not exempted by any statute; the parsonage, school-lot, etc., are of this description. All buildings are to be taxed; but was it ever heard of to tax a meeting-house or school-house? Were the public buildings in Exeter, Concord, Hanover, etc., ever taxed? There are and always have been exemptions, where the statute has not expressly made any. They depend upon invariable usage, growing out of the reason and nature of the thing. They are more ancient than our statutes (1770), and are not repealed except by express clauses for the purpose, or by provisions necessarily and manifestly repugnant."

An examination of our statutes shows that in the General Laws (*c.* 53, *s.* 2) real estate of the counties was exempted in express terms from taxation, except county farms. In the Public Statutes the real estate of counties is not expressly exempted from taxation. P. S., *c.* 55, *s.* 2. But we find there was no act of the legislature from 1878, the date at which the General Laws went into effect, to the date of the adoption of the Public Statutes in 1891, which attempted to change the law on the subject from what it was in the General Laws, or which had any reference to the taxation or exemption of the real estate of counties. The commissioners on the revision of the statutes, in their report to the legislature of 1891, put the letter "v" opposite the section (Com'rs' Rep. P. S., *c.* 54, *s.* 2) which referred to this subject, indicating there was only a verbal change, and in the marginal reference refer to *s.* 2, *c.* 53 of the General Laws and the Session Laws of 1879, 1883, and 1889, when amendments were made which had no reference to the subject, as their authority

for drafting the section in that way. This section, in naming the list of public corporations whose real estate should be exempt from taxation, omitted to mention the counties and did not in express terms exempt this real estate from being taxed, but did expressly exempt "alms houses on county farms." The legislature adopted this section as it was recommended to them by the commissioners, and enacted it without any change. It would seem this omission was an unintentional one on the part of the commissioners and the legislature. But however that may be, certainly the legislature has not in clear and positive terms expressed its intention to subject the court-houses and jails of the counties of the state, used for governmental purposes, to the assessment of taxes in the towns and cities where situate, the same as other property, and overcome the natural presumption that such property is exempt from taxation. But the legislature having by definite terms said that "alms houses on county farms" were exempt, the county farms by necessary implication are left subject to taxation; and county farms having by express terms been made subject to taxation by our statute for years, there is not that violent presumption against the legislature intending to exercise the power to tax that class of property there is in the case of court-houses and jails, which by invariable usage have always been exempt.

*Tax on court-house and jail abated.*

All concurred.