Hillsborough, }
June 26, 1930. }

JOSEPH BILODEAU, *Adm'r.*
*v.*
THE PRUDENTIAL INSURANCE CO. OF AMERICA.

*Thomas J. Leonard* (by brief and orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

ALLEN, J. In *Domocaris* v. *Insurance Co.*, 81 N. H. 177, the insurer was held liable under a parallel situation with the facts here presented, with the single point of difference that it did not there appear that the policy in terms required the insured's good health at its date for it to go into effect. The reasoning on which the decision in the case was reached makes the difference immaterial. The case rests on a theory of estoppel against the insurer in favor of an innocent policy holder, although it is also innocent in fact, when the policy is issued through fraud practiced by the agent on both parties. If the agent's knowledge is to be imputed to the insurer, his fraud in law becomes its fraud, and consistency requires that it be estopped from asserting in defence the ineffectiveness of the policy because of the expressed condition precedent (*Packard* v. *Insurance Co.*, 72 N. H. 1) relative to the insured's health at its date, as well as from asserting the falsity of the representations about such health. The insurer if actually having knowledge of the facts would waive, or be estopped from asserting in defence, the condition, and if it is chargeable as though it did have actual knowledge, it is in no better position to take advantage of the condition. The parol evidence rule yields to doctrines of estoppel and waiver. *Ball* v. *Association*, 64 N. H. 291; *Spalding* v. *Insurance Co.*, 71 N. H. 441; *Daley* v. *Insurance Co.*, 81 N. H. 502, and cases cited; *Schwartz* v. *Casualty Co.*, 82 N. H. 177.

The defendant's argument in the main is an attack on the *Domocaris* case as disregarding well settled rules applicable to the relation of principal and agent, both *inter se* and in connection with third parties, and as leading to a radical departure from normal principles of compensation for wrong done.

The argument loses sight of the construction of P. L., c. 277, s. 6, adopted in the *Domocaris* case and controling the result reached. This statute, then Laws of 1907, c. 109, s. 1, provides that a solicitor of life insurance shall be regarded as the agent of the insurer and not of the insured, and the case holds it to mean that the agent's knowledge acquired in the course of soliciting business is chargeable to the insurer.

However greatly under the facts of the case the rule thus held to be imposed by the statute may depart from common-law doctrines of agency and in spite of its effect in some cases, as here, to make the insured better off than if no fraud had been committed so as to substitute a penalty for compensation, the correctness of the construction

may not now be questioned. The *Domocaris* case was decided in 1923 and the re-passage of the statute without change in the Public Laws of 1925 carried with it this construction under the well and long established rules that the reënactment of a statute without change adopts its prior judicial interpretation, a rule announced as early as 1816 in *Tomson* v. *Ward*, 1 N. H. 9, and since followed consistently, with recent approval, in *General Motors Co.* v. *Company, ante,* 348.

The agent's knowledge being in law the insurer's, the latter is charged as though it were in fact as guilty of the fraud as he.

*Exception sustained.*

BRANCH, J., did not sit: the others concurred.