Grafton, }
June 2, 1931. }

LISBON VILLAGE DISTRICT *v.* LISBON.

*Fred S. Wright*, for the plaintiff.

*Clark B. Frost*, for the defendant.

PEASLEE, C. J. The plaintiff has mistaken the form of remedy available. The declaratory judgment act (Laws 1929, *c.* 86) was designed to supply deficiencies in legal procedure which existed before the enactment of the statute. *Faulkner* v. *Keene, ante,* 147. It was not intended as a substitute for ample remedies in use before its adoption. To borrow the language of chancery, where there is another plain, adequate and complete remedy available the statute cannot be invoked. The issue here being the plaintiff's tax liability, the petition for an abatement affords an adequate remedy. *Bretton Woods Co.* v. *Carroll,* 84 N. H. 428.

But the proceeding, otherwise properly brought, is not to be dismissed because erroneously entitled. *Faulkner* v. *Keene, supra.* It is agreed in this case that the plaintiff has taken all steps necessary to perfect a tax abatement appeal; and the payment of the tax was made under an agreement of the town to repay all that the court should determine to have been illegally exacted. The proceeding is to be treated as a tax abatement appeal.

By the long established policy of our law, property publicly owned, used for public purposes and located within the territory of the holder, is not taxable. In order to make it taxable there must be an express provision to that effect, or language open to no other reasonable construction. *Grafton County* v. *Haverhill,* 68 N. H. 120. The plaintiff district is a municipality to which this rule applies. *Canaan* v. *District,* 74 N. H. 517, 533.

The defendant's contention that because the plaintiff's territory lies within the limits of the town therefore the plaintiff's property is taxable by the town cannot be sustained. In cases where jurisdiction over certain areas is divided, and one governmental agency discharges one public function while another agency is charged with different duties in the same territory the rule of exemption applies to both. If this were not so, town property publicly used would be taxable by the county and *vice versa.* The decision that they are not so taxable (*Grafton County* v. *Haverhill,* 68 N. H. 120), establishes the principle which controls here. In this matter the normal relation of district to town is comparable to that of town to county. They are all merely agencies of the state.

The taxation of the plaintiff's property held for this particular use,

but located outside its territory, is now governed by express statutory provisions. "Property held by a city, town or district in another city or town for the purpose of a water supply, if yielding no rent, shall not be liable to taxation therein, but the city, town or district so holding it shall annually pay to the city or town in which such property lies an amount equal to" certain taxes. P. L., c. 60, s. 10.

It has already been determined that this statute provides for a constitutional exemption. *Keene* v. *Roxbury*, 81 N. H. 332.

Argument has been advanced that there is error in the conclusion in that case that water rates are not rent or revenue in the nature of rent (Laws 1911, c. 40). The question is not open for reconsideration here. The statute was reënacted without change after that decision was announced (P. L., c. 60, s. 10), thus adopting "its prior judicial interpretation." *Bilodeau* v. *Insurance Co.*, 84 N. H. 405, 407, and cases cited.

Since it is settled that public property held for public use is not taxable within the jurisdiction where it is held and its use is enjoyed, and the statute provides that if it be located elsewhere and is of this class it is not taxable but is only subject to certain charges, it is plain that it is not taxable under any circumstances.

As to the statutory liability concerning extra-territorial property, the plaintiff's claim is that since its property is within the territorial limits of Lisbon it is not in "another city or town." If this were conceded to be the true construction of the statute, it would follow that there was neither a tax-paying duty nor a liability to contribute under this act, assuming that all the property was held for the prescribed use. As this is the only pertinent statute, the establishment of the inapplicability of this provision to the situation here presented would demonstrate the complete non-liability of the plaintiff.

But that is not the meaning of the act. The evident purpose was to provide for the situation existing when a municipality holds for this purpose property located outside its territory. To be sure the statute speaks of the property of a "city, town or district in another city or town." But the omission of the word district in describing the location of the property was a natural one, since it would not be likely that a district would hold property in another district in the same town, or that a town would hold water works property in a district not in any town. The evident intent was to impose a charge upon property not within the limits of the municipality served, whether it were a town or a district. The underlying thought was that one municipality should not be called upon to support the water

works of another. As applied to this case, the statute was designed to afford the town relief from supporting water works for the benefit of the district. At the same time it relieves the district from the burden of taxation or other governmental charge upon improvements made for a public use. See *Canaan* v. *District,* 74 N. H. 517, 545.

The statute applies to the plaintiff's property located in the town but outside the district. As to such property, held for water works purposes, the district is chargeable under the statute.

As none of the property so held is taxable, it follows that the whole tax thereon is to be abated; except that the plaintiff's statutory liability should be settled in this proceeding and the amount thereof deducted from the defendant's total liability. *Keene* v. *Roxbury,* 81 N. H. 332, 340.

The defendant suggests that the statute does not prescribe the method by which, or the time when, the charge it imposes shall be laid or collected, and a decision upon these matters is requested. It does not appear that there is any present contention over this feature of the case. The abatement to be granted is only such as justice requires, and it is plain that the amount due under the statute should be deducted from the abatement. *Keene* v. *Roxbury, supra.*

The rule by which this amount is to be ascertained is settled by the statute. It is "an amount equal to that which such place would have received for taxes upon the average of the assessed value of such land, without buildings or other structures, for the three years last preceding . . . acquisition thereof." P. L., c. 60, s. 10. The question how this is to be ascertained, in case of a proceeding *de novo*, does not arise here. The issue of amount becomes material in this abatement proceeding and is to be determined in the superior court as incidental to the proper disposition of the appeal.

Even though a formal assessment after the manner of laying taxes were assumed to be a prerequisite to a collection of the charge by a suit at law, the lack of such procedure would not defeat the right of the town to have the amount justly due allowed to it in this proceeding. The phrase "such order thereon as justice requires" (P. L., c. 64, s. 14) is given the broadest interpretation.

Moreover, in a recently filed brief for the defendant it is stated that the parties have now filed in the superior court a joint amended petition in which both parties pray that there be a determination of the issue of statutory liability, and that the court "fix and establish such amounts." A formal assessment of the contribution is not required in this case; and any attempt to lay out a course of procedure in this

regard for future cases would be giving advice. The declaratory judgment act does not undertake to confer such jurisdiction.

Whether any of the property outside the district is held for other purposes, and is therefore taxable (*Whitefield* v. *Dalton*, 80 N. H. 93), is a question of fact. The rules for the ascertainment of this element are sufficiently set forth in *Keene* v. *Roxbury, supra.*

The property within the district is all held for public use, and therefore no question arises as to whether it would be taxable by the town if so located and held for uses not of a public nature.

*Case discharged.*

All concurred.