Grafton,
Nov. 6, 1940. } No. 3180.

GEORGE A. GITSIS & a. v. FRANCIS W. THORNTON & a.

*Sewall, Varney & Hartnett (Mr. Hartnett* orally), for the plaintiffs.

*Albert D. Leahy,* for the defendants, filed no brief.

*Per Curiam.* While the petition alleges a claim of the defendants against the plaintiff Gitsis, it was conceded in argument that they have made none and that at most the existence of the claim is only a possibility. The declaratory judgment statute (Laws 1929, *c.* 86) requires that there be an adverse claim to the claim of the petitioner. Since it does not appear that the defendants here have any claim against Gitsis, he has no right to maintain the petition. *Merchants &c. Co.* v. *Kennett,* 90 N. H. 253. "There is no right to an adjudication of matters not in contention." *Conway* v. *Board,* 89 N. H. 346, 349.

As to the plaintiff Dodge, the statute has been construed to deny the right to maintain a petition when other remedy is available and adequate. *Baker* v. *Goodale,* 85 N. H. 561; *Reynolds* v. *Chase,* 87 N. H. 227, 229; *Chase* v. *Bank,* 88 N. H. 275, 276. It was not designed to give this plaintiff any rights not possessed by him in connection with the actions pending against him. The only new right created by the statute is "to make disputes as to rights or titles justiciable without proof of a wrong committed by one party against the other." *Faulkner* v. *Keene,* 85 N. H. 147, 149. To permit the continued maintenance of the petition after other appropriate proceedings have been brought for the determination of the matters in controversy would extend the application of the statute beyond its intended scope. The circumstance that a petition is brought but not heard upon its merits, before, instead of after, the institution of such other proceedings is not a differentiating factor.

*Petition dismissed.*