Original,
Oct. 8, 1952. No. 4171.

Eugene S. Daniell, Jr.

*v.*

Hugh Gregg and Enoch D. Fuller,
*Secretary of State.*

*Eugene S. Daniell, Jr.* (orally), *pro se.*

*Maurice A. Broderick* and *James A. Manning* (*Mr. Broderick* orally), as *amici curiae.*

*Wyman, Starr, Booth, Wadleigh & Langdell* and *James L. Sulli-van* (*Mr. Louis C. Wyman* orally), for the defendant.

*Gordon M. Tiffany,* Attorney General (orally), for the Secretary of State.

PER CURIAM. The statute authorizing these proceedings (R. L., c. 42, s. 27) reads as follows: "Any person who violates the foregoing provisions of this subdivision shall be fined not more than five hundred nor less than one hundred dollars and imprisoned not less than thirty nor more than ninety days. Any person who alleges that any of the foregoing provisions of this subdivision relating to

the primary has been violated may, not later than the fifth day of October following said primary, bring a proceeding in equity in the supreme court against the person alleged to have violated said provisions. To this proceeding the secretary of state shall be made a party defendant. The supreme court shall forthwith hear such proceeding and make final decision thereof, and if the court shall find that the defendant has violated any of such provisions, a decree shall be entered disqualifying the defendant from becoming a candidate at the ensuing election, and the vacancy thereby created shall be filled as provided by law. No candidate shall be entitled to the nomination or election until the sworn itemized statements required to be filed by him or in his behalf have been filed and published as hereinbefore required."

This statute allowing a private citizen to invoke the action of this court to disqualify a defendant from becoming a candidate at the November election was characterized eighteen years ago as "highly anomalous and inappropriate." *Coutremarsh* v. *Metcalf*, 87 N. H. 127, 129. However it may be characterized, it places a duty on this court to proceed forthwith to hear the matter and make a final decision of both facts and law. The necessity for the distribution of ballots, and particularly the return of absentee ballots, prior to the November election is a compelling reason for expedition. *Maclay* v. *Fuller*, 96 N. H. 326, 328. In this case as in *Nelson* v. *Morse*, 91 N. H. 177, 178, "the conditions of an emergency, in the public interest of expedition in the preparation of ballots for the election now at hand, clearly exist."

The evidence discloses that the defendant Gregg and his financial agent made their reports after consultations with a certified public accountant, experienced attorneys and the Attorney General. It was undisputed that the reports of expenditures and contributions filed with the Secretary of State by and on behalf of defendant Gregg contained more itemization, detail and information than any political report that had been filed in the last twenty-four years. It appeared that the defendant's financial agent by letters, speeches and telephone calls had taken reasonable means to prevent unsolicited and unreported contributions of money, radio time, and political advertisements. In some instances he declined to accept arrangements made by others for radio time and newspaper advertisements.

The evidence did disclose some instances where local chairmen had collected and expended money without reporting it to the fi-

nancial agent and consequently such transactions were not included by him in his report to the Secretary of State. There were also certain bills and expenditures, for the most part in small amounts, for telephone, newspaper advertisements and services rendered which were not received by the defendant or his financial agent until after the reporting period had expired. It was claimed that certain dinners at which the defendant Gregg appeared where the participants paid for their own meals should have been reported as a campaign expense and that the failure to do so was a deliberate evasion of the statute. It was suggested during argument that it would be helpful for this court to interpret the statutes with respect to a variety of practices for the guidance of political candidates and others in the future. It is not the function of this court to recodify the election laws which the 1951 Legislature indicated were in need of improvement. Laws 1951, chapter 278. It was stated in the above cited joint resolution that time did not "permit the full and adequate consideration of proposed remedies submitted" at that session. It is reasonably clear that this is not the proper forum for such consideration. Moreover many of these practices are not in issue in these proceedings.

This petition, brought under section 27, raises the sole issue of whether there has been a serious and deliberate failure by the candidate to make a full and complete accounting of his receipts and disbursements. If willful violations of other requirements of the chapter are claimed the remedy lies in criminal proceedings (see *ss.* 6, 8, 16, 19, etc.) and not in an extraordinary proceeding such as this. The obligation of the candidate to report campaign transactions is stated in section 21 of the chapter. It is a duty to file a statement of "all his receipts and expenditures" in the manner indicated in section 20. The statement is required to be made by the candidate and his financial agent, and to include all sums expended "by or in behalf of" the candidate (*s.* 5). As we understand the latter phrase, what is intended is expenditures made with the authorization of the candidate, express or implied, (*State ex rel. Lafollette* v. *Kohler*, 200 Wis. 518, 563, 564) not those made by others without such authority. (*Cf.* section 23). Not every expenditure which he may make while a candidate must be reported, but only those made for the "purpose of aiding or promoting the success or defeat of any party" or candidate (*s.* 2).

Some emphasis has been placed upon two dinners given by the defendant Gregg at a time when he was in military service and

prohibited by governmental regulations from engaging in a campaign. No expense relating to these occasions was reported. It is arguable that they should be reported as campaign expenses but the record does not establish that, if a violation, it was a serious and deliberate one as it must be in order to disqualify a candidate. *Coutremarsh* v. *Metcalf*, 87 N. H. 127.

Upon consideration of all the evidence submitted in this proceeding, we find that the defendant Gregg and his financial agent acted in good faith in the preparation and filing of the reports of the candidate with the Secretary of State; that such violations as the evidence disclosed were either without their sanction and knowledge or to the extent known were not of a serious and deliberate nature. We find that the defendant Gregg has made an honest and reasonable effort to comply with the ambiguous and conflicting provisions of Revised Laws, chapter 42, and that any mistakes made with respect to reporting cannot be classed as "wilful violation of the election laws of this state." N. H. Const., Part First, *Art.* 11th. It follows that the bill in equity must be dismissed and it is so ordered.

*Bill dismissed.*