Strafford,
No. 5143.

VIRGINIA R. HERMER *v.* DOVER.

Argued June 4, 1963.
Decided July 30, 1963.

*Fisher, Parsons, Moran & Temple* (*Mr. Harold D. Moran,* orally), for the plaintiff.

*T. Casey Moher,* city solicitor, for the city of Dover.

LAMPRON, J.   The material allegations of plaintiff's petition can be summarized as follows.   In March, 1959, plaintiff was studying the advisability of opening a small shop for children's apparel in her premises in Dover.   She consulted defendant's building inspector as to the need of a permit to make necessary alterations to her home and to operate such a shop.   He informed her that a permit was not required and in reliance thereon she expended large sums of money in effecting the necessary alterations, the purchase of merchandise, and for other needs.

On August 12, two days before the scheduled opening, this same inspector notified her that the proposed operation was proscribed by the zoning ordinance.   After reminding him of his earlier decision in favor of such a shop, plaintiff alleges he instructed her to proceed with the opening on August 14, which she did.   However after notifications that she was violating the zoning ordinance and despite consultations with various city officials, plaintiff was ordered to close her shop on October 8, 1959, which she did.

As a result plaintiff alleges that she suffered losses in excess of $8,000 caused by the negligent and illegal misrepresentations and conduct of the building inspector and certain other officials of the defendant upon whom she relied in good faith.

Plaintiff further claims the right to examine certain insurance policies, which she believes are held by the city, in order to determine their applicability to her claim.   RSA 412:3.   See *Cushman* v. *Grafton,* 97 N. H. 32.   All of these allegations are

contested by the defendant but for the purposes of this transfer they are to be taken as true and construed most favorably to the plaintiff. *Smith* v. *Am. Employers' Ins. Co.*, 102 N. H. 530, 537.

Defendant argues that although there is a controversy between the parties the issues are purely issues of fact and should be determined by an action at law.

In one of the first cases to be decided by this court after the enactment of our declaratory judgment law (Laws 1929, c. 86) it was held that where facts must be ascertained in order to determine the legal rights of the parties the factual issues will be tried in the declaratory judgment petition. *Faulkner* v. *Keene*, 85 N. H. 147, 155.

It is also evident from the allegations in her petition that plaintiff asserts definite legal rights against the city which are denied by it. This constitutes a justiciable issue which can be determined in such a petition. *Villars* v. *Portsmouth*, 100 N. H. 453, 454.

Although it may be true that plaintiff's rights could be enforced in an action at law this does not necessarily preclude their determination by a petition for declaratory judgment. *Leavitt* v. *North Hampton*, 98 N. H. 193, 195; *Villars* v. *Portsmouth, supra.* See *Vlahos Realty Co.* v. *Little Boar's Head District*, 101 N. H. 460, 465; *Robwood Adv. Asso.* v. *Nashua*, 102 N. H. 215.

We are therefore of the opinion that there exists between the parties a genuine controversy requiring a judicial determination and that the Trial Court is not required as a matter of law to refuse to exercise its power to declare the rights and liabilities of the parties in this proceeding merely because there is another remedy available. 1 Anderson, Declaratory Judgments (2d *ed.*) s. 195, *pp.* 395, 396; 26 C. J. S., Declaratory Judgments, *s.* 11, *p.* 70.

We hold that the Trial Court is not required as a matter of law to grant defendant's motion to dismiss.

*Remanded.*

All concurred.