Original,
No. 5289.

FRANCIS J. LAVOIE

*v.*

J. ARTHUR TUFTS AND ROBERT STARK, *Secretary of State.*

Argued September 30, 1964.
Decided September 30, 1964.

*Francis J. Lavoie,* pro se.

*Robert W. Upton* for the defendant Tufts.

PER CURIAM. The plaintiff, an unsuccessful candidate for State Senator in District No. 22 in the 1964 Republican primary held on September 8, 1964, filed a petition in this court seeking a decree pursuant to the provisions of RSA 70:17 (supp) disqualifying the defendant from becoming a candidate at the ensuing election. The petition alleged that the defendant, who was the successful candidate for that office in the same primary, had violated the law relating to political expenditures and advertising by expending an amount in excess of that allowed for a candidate for State Senator (RSA 70:4 I (9) (supp)), and by posting political advertising which did not bear the name and address of the candidate or his fiscal agent, in violation of RSA 70:14 (supp).

The petition was filed in this court on September 22, 1964. The court ordered the plaintiff to file specifications of his charges

and serve a copy of his petition and specifications on the defendant and the Secretary of State. RSA 70:17 (supp). The plaintiff complied with this order.

On September 30, 1964 the court heard the parties and their witnesses and permitted the plaintiff and the defendant's counsel to argue the merits of the petition. The plaintiff filed no specification relative to excessive expenditures (RSA 70:4 I (9) (supp)) and this alleged violation was waived.

The pertinent part of RSA 70:17 (supp) reads as follows: "Any person who alleges that any of the provisions of this chapter relating to the primary has been violated by or in behalf of a candidate *with his knowledge and consent*, may . . . bring a proceeding in equity in the supreme court against the candidate alleged to have violated said provisions *in such manner* . . . if the court shall find that the defendant had *thus* violated any of such provisions, a decree shall be entered disqualifying the defendant from becoming a candidate at the ensuing election." (Emphasis supplied).

As indicated in *State* v. *Sullivan*, 101 N. H. 429, 432, a violation of this section must be willful "before the court can disqualify a candidate." The evidence in the present case indicated that the defendant after filing as a candidate in the 1964 primary, had posted a small number of posters which were unsigned and had been purchased for a former primary campaign in 1962. The evidence also showed, however, that the candidate subsequently had purchased approximately 200 posters which did contain his name and address and he had also used these in the 1964 Republican primary. It appeared that only a small portion of the candidate's total political advertising failed by inadvertence to comply with the law. This was not the willful violation required by the statute in order to disqualify the defendant "from becoming a candidate at the ensuing election." RSA 70:17 (supp). Accordingly the order is

*Petition dismissed.*