Request of Governor and Council
No. 6632

OPINION OF THE JUSTICES

April 12, 1973

The following resolution was adopted by the Governor and Council March 21, 1973, and filed in this court on March 22, 1973:

"WHEREAS, I. At a meeting of the Governor and Council on February 7, 1973, the following resolution was adopted: 'The Governor appoint a special Committee of the Executive Council to investigate the reported breaches of the confidentiality of the files of the Business Profits Tax Division of the State Tax Commission. The Special Committee will be assisted by the Attorney General and his staff and will report the results of their investigation to the Governor and Council at the earliest possible date.'

"II. The relevance of possible specific subjects of investigation and report by the Special Committee depends in substantial measure on the meaning of certain provisions of law, particularly of RSA 77-A:16, as amended; and is required in connection with the evidence to date before the Special Committee.

"III. The Special Committee has been called upon to inquire into charges that call into question the ability of the government to perform certain of its significant duties;

"IV. It is essential that the Special Committee be able to proceed with the greatest possible degree of certainty about the meaning of applicable provisions of law; and

"V. These circumstances constitute a solemn occasion in which certain important questions of law arise;

NOW, THEREFORE, Be It Resolved

That the Justices of the Supreme Court be respectfully requested to give their opinion on the following important questions of law;

"1. Can the Governor acting without the prior knowledge or authorization of the Executive Council empower his agent to request and receive records, files or information subject to the provisions of RSA 77-A:16 (as amended)?

"2. If the answer to Question 1 is no, can an affirmation of such an agent's request for and receipt of such records, files and information, duly given by a majority of the Executive Council subsequent to the request, relate back to the time of the request, so as to render the request as of the time it was made an exercise of the general supervisory powers of the Governor and Council within the meaning of RSA 77-A:16 V?

"3. Does public disclosure by a member or employee of the State Tax Commission on inquiry that a named taxpayer has filed a Business Profits Tax return without revealing any of the contents of the return constitute disclosure of information within the meaning of RSA 77-A:16 (as amended)?

"4. Does public disclosure by a member or employee of the State Tax Commission and/or any other state official that a named taxpayer's file is or has been under review or investigation either authorized or unauthorized by RSA 77-

A:16 (as amended) constitute disclosure of information within the meaning of RSA 77-A:16 (as amended)?

"5. Does the New Hampshire Constitution, Part II, Article 41, give the Governor the power to gain access to confidential information within the meaning of RSA 77-A:16 (as amended) which transcends any restrictions or limitations of RSA 77-A:16 V when exercising such power to insure that the laws and regulations of the State are being faithfully carried out?

"AND BE IT FURTHER RESOLVED

That the Secretary of State be directed to transmit six attested copies of this resolution to the Clerk of the Supreme Court, and that he include with each such copy an attested copy of the minutes of the meeting of the Governor and Council held on January 30, 1973."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court submit the following answers to the questions contained in your resolution submitted to this court on March 22, 1973. Memoranda and briefs on behalf of various interested individuals and corporations were filed on or before April 4, 1973, in accordance with the previous order of this court.

One of the memoranda contends that the justices should decline to answer these questions because they come within the rule that the justices should not give advice on matters which concern past or completed acts and involve questions which may come before the court for decision in an adversary setting. *See Petition of Turner,* 97 N.H. 449, 91 A.2d 458 (1952); *In re School Law Manual,* 63 N.H. 574, 4 A. 878 (1885); *Opinion of the Justices,* 56 N.H. 574 (1875). However the constitution requires an opinion when the Governor and Council desire it with respect to important questions of law which they need to have determined in order to exercise their power and duty with regard to matters pending before them. According to your resolution the Governor and Council now have before them matters falling within their general supervisory powers requiring advice on the important questions of law contained

in the questions submitted.

In returning our answers we do not attempt to relate them to any of the factual situations alleged in the memoranda filed with us.

Your questions all pertain to the confidentiality provisions of the business profits tax law contained in RSA 77-A:16 as amended. *See* RSA 77-A:16 (Supp. 1972) which reads as follows:

"Confidentiality of Commission Records. Notwithstanding any other provision of law and except as hereinafter provided, the records and files of the commission respecting the administration of this chapter are confidential and privileged. The commission, and any employee engaged in the administration of this chapter or charged with the custody of any such records or files, shall not disclose any information obtained from the commission's records or files or from any examination, investigation or hearing authorized by this chapter. Neither the commission nor any employee of the commission may be required to produce any of the records, files and information for the inspection of any person or for use in any action or proceedings. The following exceptions apply to this section:

"I. Testimony by a member or employee of the commission and production of records, files and information in behalf of the commission or a taxpayer in any action or proceeding under the provisions of this chapter where such testimony or the records, files or information, or the facts shown, thereby are directly involved in the action or proceeding;

"II. Delivery to a taxpayer or his duly authorized representative of a copy of any return or other paper filed by the taxpayer pursuant to this chapter;

"III. Publication of statistics so classified as to prevent the identification of a particular return and the items of the return;

"IV. Exchange of information with the United States Internal Revenue Service in accordance with compacts made and provided for such cases or with revenue officials of other states imposing taxes similar to the tax imposed by this chapter, under appropriate reciprocal agreements;

"V. Disclosure in confidence to the governor and council or their agent in the exercise of their general supervisory powers, or to any person authorized to audit the accounts of the commission in pursuance of such audit, or to the attorney general or other legal representative of the state in connection with an action or proceeding under this chapter.

"VI. Violation of this section is punishable by a fine not to exceed two thousand dollars or by imprisonment for not more than one year, or both; and if the offender is an officer or employee of the state he shall in addition be removed from his office or dismissed from his employment."

The last two lines of subsection IV, and a new subsection VI, were added by amendment by Laws 1971, 515:11 and 12. The legislature has shown its concern for confidentiality with respect to the contents of such records by enacting the severe penalty provisions and by defeating on grounds of confidentiality both an attempt to repeal section 16 and to allow disclosure to members of the legislature in confidence. *See* House bills 437 and 502, N.H.H.R. Jour. 487 (March 25, 1971). Subject to certain well-defined exceptions, the prohibitions are not only against disclosure by the custodians but also against anyone requiring their production.

One of the exceptions (subsection V) is "Disclosure in confidence to the governor *and* council or *their* agent in the exercise of *their* general supervisory powers . . . ." (Emphasis added). In our opinion it is clear from the use of the conjunctive and the reference to "their agent" that the legislature intended that only acting as a single board should the Governor and Council be authorized to have disclosed to them or their agent in confidence, the commission's records or files and then only in the exercise of their general supervisory powers. *Barry v. King,* 106 N.H. 279, 210 A.2d 161 (1965); *see Opinions of the Justices,* 98 N.H. 530, 533, 98 A.2d 635, 637 (1954); N.H. CONST. pt. II, art. 62. Neither the Governor nor the Council acting independently of each other is authorized to request and receive such information. Our answer to your first question is therefore "No".

Inasmuch as the statute authorizes disclosure only to the

Governor and Council acting as a single board it contemplates that joint action be taken before the disclosure and not thereafter. Subject to a few narrowly prescribed exceptions, searches under the fourth amendment to the Constitution of the United States are required to be authorized in advance and cannot be authorized after the fact. *See Ker v. California,* 374 U.S. 23, 40 n.12, 10 L. Ed. 2d 726, 742 n.12, 83 S. Ct. 1623, 1633 n.12 (1963); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); 79 C.J.S. *Searches and Seizures* § 51. Although your questions do not relate to the fourth amendment rights, it seems clear that since RSA 77-A:16 (Supp. 1972) was intended to protect rights of confidentiality, the same policy considerations with respect to prior authorization would apply. The circumstances are to be distinguished from situations where the Governor and Council may, for example, validly ratify actions of department heads with respect to contracts, out-of-state travel and other action taken without compliance with the *Manual of Procedure,* to which actions considerations of privilege and confidentiality do not apply. Our answer to your second question is "No".

The prohibitions of RSA 77-A:16 (Supp. 1972) forbid disclosure of the contents of the records and files of the tax commission, rather than disclosure of the fact that such records or files exist. The purpose is to grant the taxpayer a "privilege" against disclosure of his affairs which are reflected in the records and files. Our answer to your third question is therefore "No". Disclosure that a named taxpayer has filed a return without revealing the content thereof is not a disclosure prohibited by RSA 77-A:16 (Supp. 1972).

Similarly, the disclosure that a named taxpayer's file has been under review or investigation either authorized or unauthorized does not violate the statute since it does not reveal any of the confidential content of the records and files of the commission. Our answer to your fourth question is also "No".

Your fifth question is whether part II, article 41 of our constitution gives the Governor the power to gain access to confidential information which transcends any restrictions or limitations of RSA 77-A:16 V (Supp. 1972) when exercising his power to insure that the laws and regulations of the State

are being faithfully carried out.

Article 41 reads as follows: "[Governor; Supreme Executive Magistrate.] There shall be a supreme executive magistrate, who shall be styled the Governor of the State of New Hampshire, and whose title shall be His Excellency. The executive power of the state is vested in the governor. The governor shall be responsible for the faithful execution of the laws. He may, by appropriate court action or proceeding brought in the name of the state, enforce compliance with any constitutional or legislative mandate, or restrain violation of any constitutional or legislative power, duty, or right, by any officer, department or agency of the state. This authority shall not be construed to authorize any action or proceedings against the legislative or judicial branches." All but the first sentence of this article was added by constitutional amendment in 1966.

The *Journal of the Constitutional Convention* of June 10, 1964, reveals that the intent of the amendment was to impose a duty upon the executive to carry out the legislative mandates as well as to enforce constitutional requirements. J. of Const. Conv. 287-92 (1964). It was intended to vest in the Governor strengthened executive power and responsibility which must be exercised within the dictates of the constitution and the lawful enactments of the legislative branch. N.H. CONST. pt. II, art. 62. We return a "No" answer to your fifth question.

Nothing contained in this advisory opinion is intended to suggest that civil liability or criminal prosecution should result from innocent, good faith violations of RSA 77-A:16 (Supp. 1972). *See Daniell v. Gregg,* 97 N.H. 452, 456, 91 A.2d 461, 463 (1952).

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

April 12, 1973.

Governor Meldrim Thomson, Jr., by his legal counsel, Charles G. Douglas III, for affirmative answer.

James H. Hayes, Councilor for the Second District, Concord, filed a memorandum of law.

Bernard A. Streeter, Councilor for the Fourth District, Nashua, for affirmative answers to questions No. 2, 3, and 4, and negative answers to questions No. 1 and 5.

Joseph M. Eaton, Representative from District No. 1, Hillsborough, filed a memorandum of law.

Robert H. Reno on behalf of Hitchcock Clinic, Inc., and Charles F. Leahy on behalf of Stewart Lamprey and Samuel A. Tamposi, for negative answers.

Upton, Sanders & Upton and J. Gilbert Upton for Lawrence Blake filed a memorandum of law.

Thomas A. Gerber, Assistant Publisher for the Monitor Publishing Company, Inc., for negative answer to question No. 3.

Alan N. Pope, of Rye, for negative answer.