Hillsborough
No. 6554

AURELE A. BEAUDOIN v. STATE OF NEW HAMPSHIRE

October 31, 1973

*Eaton, Eaton, Ross, Moody & Solms (Mr. Clifford J. Ross* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Thomas D. Rath,* attorney *(Mr. Rath* orally), for the defendant.

KENISON, C.J. The issue presented in this case concerns the scope of jurisdiction of the superior court under the Declaratory Judgment Act, RSA 491:22. The plaintiff has brought a petition for declaratory relief in the superior court to determine whether his conviction under RSA 70:2 V (5) for a contribution to a political candidate without the candidate's knowledge and written consent, which resulted in a fine of one hundred dollars, fifty of which was suspended, estab-

lished proof of a wilful violation of the election laws of New Hampshire. Under N.H. CONST. pt. I, art. 11 such proof would deprive him of the right to vote and to hold public office for the rest of his life unless restored by judicial process. This constitutional provision provides in part that "no person shall have the right to vote, or be eligible to office under the constitution of this state who shall have been convicted of treason, bribery, or any wilful violation of the election laws of this state, or of the United States."

The attorney general's office has taken the position that the plaintiff's violation of RSA 70:2 V (5) was wilful, but has not commenced any official action to prevent him from exercising his rights. The plaintiff denies that his violation was wilful and has voted and filed for public office since his conviction. He contends, however, that the attorney general's office has created such uncertainty as to his rights and the press has generated such adverse publicity as to his personal and political reputation that the question should be resolved at the present time through a declaratory judgment. The State argues that the absence of official action and the availability of other procedures for the determination of the plaintiff's rights make declaratory relief inappropriate at this time. The Superior Court (*Loughlin,* J.) reserved and transferred without ruling the issue relating to the jurisdiction of the court.

In order to justify declaratory relief, an action must be within the terms of RSA 491:22, which requires that a present right of the plaintiff be subjected to an adverse claim. *Gitsis v. Thornton,* 91 N.H. 192, 16 A.2d 369 (1940); *Wallace v. Brown,* 89 N.H. 561, 3 A.2d 95 (1938). The statute has been construed to encompass any "act of the defendant '[which is] sufficiently definite to constitute a genuine threat or prejudice' to the plaintiff's interests." *Merchants Mut. Cas. Co. v. Kennett,* 90 N.H. 253, 255, 7 A.2d 249, 250 (1939) (quoting Borchard, *Justiciability,* 4 U. Chi. L. Rev. 1, 27 (1936)). In the present case, the attorney general's office has subjected the plaintiff to uncertainty as to his rights by maintaining that the violation was wilful. The correctness of this view is a matter of actual controversy among the parties to this action and is capable of conclusive judicial resolution.

The State has asserted, however, that the superior court must dismiss the petition because adequate relief is available through other proceedings. As to the plaintiff's right to vote, the State has drawn our attention to RSA 55:16, which permits "[a]ny citizen of the state [to] file a complaint with the superior court stating that his name is illegally kept from, or his name or that of some other citizen is illegally placed upon, the checklist of a town or ward ...." It argues that this statute provides an adequate procedure to resolve the question whether the violation of the election laws was wilful if and when an objection were raised to the presence of his name on the checklist. As to the plaintiff's right to hold public office, the State has referred us to RSA 68:3, which provides the ballot-law commission with jurisdiction over questions concerning the validity of nominations for public office when objections are received concerning a candidate. It urges that this procedure would be sufficient for the plaintiff to clarify any questions relating to his candidacy.

It is true as a general proposition in New Hampshire that the availability of adequate relief through other proceedings would bar the right to maintain such an action. *Webster v. Hubley*, 92 N.H. 431, 32 A.2d 684 (1943); *Gitsis v. Thornton*, 91 N.H. 192, 16 A.2d 369 (1940); *Lisbon Village District v. Lisbon*, 85 N.H. 173, 155 A. 252 (1931). *But see, e.g., Hermer v. Dover*, 105 N.H. 108, 192 A.2d 624 (1963); *1 W. Anderson,* Actions for Declaratory Judgments §195 (2d ed. 1951, Supp. 1959) (discussing a liberal trend to the contrary in other States). We cannot agree, however, with the State that the procedures set forth in RSA 55:16 and RSA 68:3 are adequate to protect the rights of the plaintiff in the present case. The provisions of these statutes come into force after the checklist has been prepared or the nomination process has been commenced and require that an objection be raised to a name or a nomination before the question of eligibility can be resolved. The State's view would deny the plaintiff an opportunity to adjudicate the question whether his violation of the election laws was wilful until an actual objection is raised. We do not believe that the legislature intended RSA 55:16 or RSA 68:3 to be the exclusive procedures by which a citizen can determine these rights. The right to vote and to hold

public office are given constitutional protection by N.H. Const. pt. I, art. 11. While these rights are subject to reasonable regulation, *Wilkes v. Jackson,* 101 N.H. 420, 422, 145 A.2d 169, 170 (1958); *see* Annot., 36 A.L.R.2d 1238 (1954); Annot., 175 A.L.R. 784, 804 (1948), we construe these statutory remedies, RSA 55:16 and RSA 68:3, as not precluding relief under the Declaratory Judgment Act, RSA 491:22. The case of *Colby v. Broderick,* 96 N.H. 316, 75 A.2d 790 (1950), which involved a mandamus petition to compel the ballot-law commission to exercise jurisdiction over a dispute as to the legal qualifications of a candidate, is distinguishable from the present case in that it involved an attempt to correct an erroneous decision by the commission concerning its jurisdiction under R.L. 34-A, the predecessor of RSA 68:3. Here there is no such attempt; rather the plaintiff is seeking relief under circumstances in which RSA 55:16 or 68:3 are not applicable.

The declaratory judgment has been used by courts of other States to adjudicate questions concerning the right to vote or to hold public office. 2 W. Anderson, Actions for Declaratory Judgment §§ 697, 706 (2d ed. 1951, Supp. 1959); E. Borchard, Declaratory Judgments 871, 873-74 (2d ed. 1941). It is a broad remedy which should be liberally construed so as to effectuate the evident statutory purpose of making a controversy over a legal or equitable right justiciable at an earlier stage of the controversy than it would be if the matter were pursued in an action at law or in equity. *Portsmouth Hospital v. Indemnity Ins. Co.,* 109 N.H. 53, 55, 242 A.2d 398, 400 (1968); *Travelers Ins. Co. v. Greenough,* 88 N.H. 391, 392, 190 A. 129, 130 (1937); *Faulkner v. Keene,* 85 N.H. 147, 155, 155 A. 195, 200 (1931); *see* F. James, Jr., Civil Procedure § 1.10 (1965). It is designed to prevent not only threatened wrongs, but also uncertainty and misunderstandings in the assertion of rights. *Travelers Ins. Co. v. Greenough,* 88 N.H. 391, 392, 190 A. 129, 130 (1937). As a consequence, declaratory relief may be sought prior to an actual invasion of rights, *Portsmouth Hospital v. Indemnity Ins. Co.,* 109 N.H. 53, 55, 242 A.2d 398, 400 (1968), and we hold that a petition for declaratory relief is proper under these circumstances. *See* Note,

*Declaratory Relief in the Criminal Law,* 80 Harv. L. Rev. 1490, 1509, 1513 (1967).

To facilitate the disposition of this case at the trial level, counsel should note the discussion of wilful violation of the election laws in *Lavoie v. Tufts,* 106 N.H. 13, 14, 203 A.2d 596, 597 (1964); *State v. Sullivan,* 101 N.H. 429, 432, 146 A.2d 1, 3-4 (1958); *Daniell v. Gregg,* 97 N.H. 452, 456, 91 A.2d 461, 463-64 (1952).

*Case remanded.*

All concurred.