CHARLES CHWALEK & a.

v.

DOVER SCHOOL COMMITTEE

December 23, 1980

*McManus & Johnson*, of Dover (*Anthony A. McManus* orally), for the plaintiffs.

*Nadeau and Gray*, of Dover (*Douglas C. Gray* orally), for the defendant.

DOUGLAS, J. The plaintiffs in this declaratory judgment action seek to determine who is the proper chairman of the School Committee of the City of Dover.

Following the defeat of the chairman of the Dover School Committee in the November 1979 election, the new school board met on January 7, 1980, and elected as chairman Theresa DeNafio, one of the plaintiffs in this case. On May 12, 1980, the school board again met. Immediately after that meeting, School Administrative Unit #11 met and elected Earl Canfield chairman. The heart of this controversy is whether this action removed the plaintiff

DeNafio from her office as chairman of the school committee. On May 22, 1980, the plaintiffs filed a petition for declaratory judgment under RSA 491:22. The Dover School Committee filed a motion to dismiss, which *Goode, J.,* granted on June 24, 1980. This appeal followed.

■ Initially the defendant asserts that this is not a case that may properly be brought as a declaratory judgment action but may only be maintained by writ of *quo warranto,* which requires the assent of the attorney general. While we recognize the continued existence of the ancient writ of *quo warranto,* this court has permitted taxpayers to challenge certain votes or decisions of government by using a petition for declaratory judgment under RSA 491:22. *See Brouillard v. Governor and Council,* 114 N.H. 541, 545, 323 A.2d 901, 904 (1974). There is clearly a controversy concerning who is legally the chairman of the Dover School Committee and the matter is ripe for judicial determination under RSA 491:22. *Cf. Beaudoin v. State,* 113 N.H. 559, 562–63, 311 A.2d 310, 313 (1973). It was error for the court to grant the motion to dismiss the petition for declaratory judgment.

■ Because all of the relevant pleadings and minutes are before us, we proceed to determine the question of law at issue. Pursuant to section 4.3 of the Dover City Charter, the members of the school board (called by Dover the school "committee") "shall meet on the first Monday of January following their election for the purpose of newly elected members taking their oaths, [and] organizing for the ensuing year . . . ." It was under this provision that the plaintiff DeNafio was elected chairman on January 7, 1980. Although the charter does not explain what is meant by "organizing," an analogous provision in RSA 189:43 (Supp. 1979) provides that school administrative units "shall organize by choosing a chairman, a secretary, and a treasurer." The term "organization" also is contained in the New Hampshire Constitution with regard to the legislature and clearly in that context envisions an election of officers. N.H. CONST. pt. 2, art. 3 (Supp. 1979). It is obvious to us that section 4.3 of the Dover Charter envisions the same.

The Dover School District is a single district school administrative unit. In most parts of the State a single administrative unit contains several school boards and districts with separate duties and responsibilities. *See generally* RSA 186:11 I and XXII (Supp. 1979). The school board and the school administrative units are separate entities with separate duties. The school board's primary

responsibility is the education of students, *see* RSA 189:1 to :29, while the school administrative unit's concern is with salary, benefits, and general administration of the school districts within the unit. *See* RSA 189:43 to :48 (Supp. 1979).

■ Pursuant to RSA 189:43 (Supp. 1979) the school boards of each school administrative unit "shall meet between April first and June first in each year, at a time and place fixed by the chairmen of the several boards, and shall organize by choosing a chairman . . . ." On May 12, when the school board adjourned and reconvened later as School Administrative Unit #11, it elected Earl Canfield chairman. The plaintiff DeNafio, however, rightfully is and has been the Chairman of the Dover School Committee since January 7.

Nothing in this opinion shall affect the validity of any bonds, contracts, or other obligations entered into since May 12, 1980, by either the board or the administrative unit.

*Judgment for the plaintiffs.*

All concurred.