Belknap
No. 7980

TERRY L. ECKERT & *a.*

v.

THE GREEN MOUNTAIN INSURANCE COMPANY, INC.

October 30, 1978

*James J. Kalled*, of Wolfeboro, by brief and orally, for the plaintiffs.

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Paul R. Cox* orally), for the defendant.

LAMPRON, C.J.    This is an action in assumpsit in which the plaintiffs seek to recover under an insurance policy issued to them by the defendant. The case was transferred to this court without ruling by *Batchelder*, J., upon an agreed statement of facts with exhibits. The question presented is whether an insured can recover the sum of the medical payments coverage provided for each of four automobiles. Stated in common parlance, the issue is whether the plaintiff can "stack" the medical payments coverage of a single policy that covers four automobiles. We hold that the plaintiff cannot stack the medical payments coverage of this policy.

Plaintiff Arla Lea Eckert was injured when the automobile she was driving, a 1965 Corvair, collided with another automobile. As a result of the accident she incurred medical expenses in excess of $6,000. At

the time of the accident, Arla Eckert was an insured driver under a Family Combination Automobile Policy issued by the defendant to plaintiff Terry L. Eckert. This policy covered four automobiles: a 1964 Buick, a 1965 Jeep, a 1968 Buick, and the 1965 Corvair that was involved in the accident. The declarations page of the policy indicates the amount of medical payments coverage and the premium charged for each car as follows:

| Coverages and Limits of Liability | Vehicle # Covered | Full Term Premiums |
|---|---|---|
| . . . . | | |
| Medical Payments: $1,000 each person | 1 | 1.25 |
| $1,000 each person | 2 | 1.25 |
| . . . . | | |
| Medical Payments: $1,000 each person | 3 | 1.25 |
| $1,000 each person | 4 | 1.25 |

Other pertinent provisions of the policy include the following.

PART II—EXPENSES FOR MEDICAL SERVICES

Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.

Division 1: To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident,

(a) while occupying the owned automobile,
(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
(c) through being struck by an automobile or trailer of any type;

. . . .

Definitions: The definitions under Part I apply to Part II, and under Part II:

[From Part I] "owned automobile" means

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded . . .

"non-owned automobile" means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile;

. . . .

Limit of Liability: The limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

. . . .

## CONDITIONS

. . . .

4. Two or More Automobiles—Parts I, II and III: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each . . .

The defendant has offered to pay the plaintiffs $1,000 under the medical payments provision of the policy. The plaintiffs, however, claim that the defendant is liable for $4,000, the sum of the medical payments coverage for all the automobiles listed in the policy. The plaintiffs argue three reasons for stacking the medical payments coverage: (1) the terms of the policy are ambiguous and should be construed to allow the larger recovery; (2) unless we allow the plaintiff the larger recovery, he will have paid extra premiums for the additional automobiles but will not receive any extra coverage for those premiums; (3) the courts of other jurisdictions allow recovery under similar circumstances.

The plaintiffs' arguments are essentially those used by courts of other jurisdictions that have allowed stacking of medical payments coverage. See Kansas City Fire and Marine Ins. Co. v. Epperson, 234 Ark. 1100, 356 S.W.2d 613 (1962); Government Empl. Ins. Co. v. Sweet, 186 So. 2d 95, 21 A.L.R.3d 895 (Fla. Dist. Ct. App. 1966); Traveler's Indem. Co. v. Watson, 111 Ga. App. 98, 140 S.E.2d 505 (Ct. App. 1965); Southwestern Fire and Cas. v. Atkins, 346 S.W.2d

892 (Tex. Civ. App. 1961); *Harlow v. Southern Farm Bureau Cas. Ins. Co.*, 439 S.W.2d 365 (Tex. Civ. App. 1969). *See generally* Annot., 21 A.L.R.3d 900 (1968). These cases, however, involve medical payments provisions that are different from the provision involved in this case. The Georgia case (*Watson*) illustrates this point.

The *Watson* case involved an insurance policy that covered two automobiles. The limit of liability clause and the separability (two or more automobiles) clause in *Watson* are identical to the clauses in the present case. Division 1 of the medical payments provision read: "To or for the named insured and each relative who sustains bodily injury, caused by accident, while occupying or through being struck by *an automobile.*" (Emphasis added.) The court first noted that the separability clause required that the policy be applied as if there were a separate and independent policy on each of the two cars. When the policy was applied in this manner, the insured was covered under each policy regardless of which car he was occupying at the time of the accident because the medical payments provision covers the insured while he is in "an automobile," and not any specific automobile. This vague wording of the medical payments provision has led the above courts to find that the coverage is unrelated to any particular vehicle, hence, the courts permit stacking under the terms of the policy. These courts also allow stacking because, with the ambiguous policy covering the insured while he is in any car, he is no better off for having paid premiums on all his cars rather than on only one car. If the court did not allow stacking, the insurance company would receive a windfall and the insured would be paying an additional premium without receiving any additional coverage. *E.g., Governmental Empl. Ins. Co. v. Sweet*, 186 So. 2d 95 (Fla. Dist. Ct. App. 1966).

■ At some point in the development of the law concerning stacking of medical payments coverage, the insurance companies "honed" the language of these provisions, *see also Storms v. U.S. Fidelity and Guar. Co.*, 118 N.H. 427, 388 A.2d 578 (1978), for the language was changed from "an automobile," which is unrelated to any specific vehicle, to "the owned automobile," which links the coverage to a specific vehicle. The import of the changed language becomes obvious when applied to this case. Under the separability clause, the terms of the policy are to be applied separately to each of plaintiffs' automobiles. Each vehicle then becomes "the owned automobile" in a policy individually applicable to that vehicle. For example, Arla Eckert can recover under the policy applicable to the

1965 Corvair because she was injured "while occupying the owned automobile." However, she cannot recover under the policies that relate to the 1965 Jeep, the 1964 Buick, or the 1968 Buick because she was not injured while occupying each separate "owned automobile." *See* RSA 268:15b. She also was not injured while occupying a "non-owned automobile" or through being "struck by an automobile."

The present narrowed wording of the medical payments provision avoids the problems encountered in the prior cases. The policy is no longer ambiguous, *i.e.*, when the terms of the policy are applied to each vehicle the coverage relates to a specific automobile ("the owned automobile"), and does not cover other vehicles owned by the insured and included on the declarations page of the policy. The provision also eliminates the "additional premium for no additional coverage" argument. The policy defines "owned automobile" and "non-owned automobile," and under those definitions the Eckerts would not have been covered while occupying the 1965 Corvair unless they had paid the premium for that car. No longer does the policy cover all the cars owned by the insured without additional premiums being paid. The additional premium paid for the Corvair brings that vehicle within the medical payments coverage of the policy in case an insured is injured while in that vehicle.

It should be noted that the holding in this case against stacking is the result of the particular language of the policy. An insurance policy is a contract that is binding between the parties. If we were to allow the plaintiffs to stack their coverage in this case, we would be rewriting the contract for the parties. Courts of other jurisdictions that have considered medical payment provisions similar to one involved in the present case have reached the same result in accordance with the terms of the policy. *See Bost v. Hartford Accident and Indem. Co.*, 242 So. 2d 355 (La. Ct. of App. 1970); *Odom v. American Ins. Co.*, 213 So. 2d 359 (La. Ct. of App. 1968); *Guillory v. Grain Dealers Mut. Ins. Co.*, 203 So. 2d 762 (La. Ct. of App. 1967); *Wachovia Bank and Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970). Some courts have allowed stacking under identical or essentially similar medical payments provisions, *see Moomaw v. State Farm Mut. Auto Ins. Co.*, 379 F. Supp. 697 (D.W. Va. 1974) (applying West Virginia law); *Dyer v. Nationwide Mut. Fire Ins. Co.*, 276 So. 2d 6 (Fla. 1973); *Cameron Mut. Ins. Co. v. Madden*, 533 S.W.2d 538 (Mo. 1976); *Virginia Farm Bureau Mut. Ins. Co. v. Wolfe*, 212 Va. 162, 183 S.E.2d 145 (1971), but these

courts have not seriously analyzed the meaning of the provision before them or the effect of the change in the policy language. We feel that the result we reach today is the appropriate interpretation of the insurance policy involved in this case. For cases reaching the same result with different policy provisions *see United Services Auto Ass'n v. Smith*, 57 Ala. App. 506, 329 So. 2d 562 (Ala. Civ. App. 1976); *Hansen v. Liberty Mut. Ins. Co.*, 157 S.W.2d 768 (Ga. Ct. App. 1967); *Nationwide Mut. Ins. Co. v. Bair*, 257 S.C. 551, 186 S.E.2d 410 (1972).

■ It should also be noted that this case differs from our recent opinion of *Courtemanche v. Lumbermen's Mutual Casualty Co.*, 118 N.H. 168, 385 A.2d 105 (1978). *Courtemanche* involved the situation where an insured was covered by more than one uninsured motorist policy and no liability policy against which a claim could be made. We held that in such a case the insured will be able to stack his multiple uninsured motorist policies and recover the full extent of his damages, any contrary provision in the policies notwithstanding. In the case before us today we hold only that the insured does not have multiple coverage. We express no opinion on whether the rationale of *Courtemanche* would require stacking in the medical payments coverage if the insured did have multiple coverage.

*Remanded.*

BROCK, J., did not sit; the others concurred.