Hillsborough
No. 79-208

WILLIAM R. SHEA

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION

February 14, 1980

*Laflamme, Champagne & Moquin,* of Manchester (*Richard C. Moquin* orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch,* of Manchester (*Lee C. Nyquist* orally), for the defendant.

DOUGLAS, J. The issue in this case is whether an insured, who is injured while a passenger in an automobile that he does not own and that is not furnished for his regular use, may stack the medical payments coverage provided for each vehicle insured under a single family automobile policy. We hold that under the terms of this policy the insured may stack the coverage.

The plaintiff was seriously injured when the automobile in which he was a passenger struck a telephone pole. The car belonged to a friend. As a result of the accident, the plaintiff incurred substantial medical bills. At the time of the accident, the plaintiff was an insured under a family automobile policy. In addition to the typical bodily injury, property damage, collision and uninsured motorist coverage, the policy provided for medical payments benefits with a per person liability limit of $5,000 for each of the three vehicles covered by the policy. A separate premium was assessed each vehicle.

The "Expenses for Medical Services" portions of the policy read as follows:

> *Coverage C—Medical Payments*: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-Ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
>
> *Division 1.* To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", caused by accident,
>
> (a) while occupying the owned automobile,
>
> (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or . . . .

"Non-owned automobile" is defined as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

The policy also states that the limit of liability for medical payments stated in the declarations as applicable to "each person" is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

In a section of the policy entitled "Conditions," the following language appears: "Two or More Automobiles—Parts I, II and III: When two or more automobiles are insured hereunder, the terms of this policy *shall apply separately to each* . . . ." (Emphasis added.)

The insurer of the vehicle involved in the accident paid the plaintiff $1,000, the medical payments limit under that policy. The plaintiff then presented a claim to his insurer, the defendant, for $15,000, the

recoverable amount if the plaintiff has a right to the $5,000 medical payment policy limit for each of the three cars insured by the policy. The defendant paid the plaintiff $5,000, the maximum medical payment provided for any one vehicle, contending that that was the extent of its liability.

The plaintiff filed a petition for declaratory judgment pursuant to RSA 491:22, and the case was submitted on an agreed statement of facts. Following a verdict for the defendant, the plaintiff moved to set aside the verdict. After the court denied the motion, the plaintiff excepted, and *Goode, J.,* reserved and transferred the case to this court.

The defendant asserts that our holding in *Eckert v. Green Mountain Ins. Co.,* 118 N.H. 701, 394 A.2d 55 (1978), controls this case. The plaintiff in *Eckert,* like Mr. Shea in this case, sought to stack the medical payment benefits provided by a family combination automobile policy that covered more than one car. However, the insured in *Eckert* was injured while occupying "the owned automobile," not someone else's. The narrow wording of that policy's medical payments provision provided that the insured would be covered "while occupying *the* owned automobile." (Emphasis added.) This wording specifically linked the policy's medical coverage to a particular car. It was precisely because of the honed language of the medical payments provision that stacking was not allowed. The plaintiff in *Eckert* was injured in the particular car covered by one policy, so she recovered under only one policy. *Id.* at 704–05, 394 A.2d at 57–58.

The relevant policy language in the present case is identical to that found in *Eckert.* If William Shea had been injured while occupying "*the* owned vehicle" (emphasis added), clearly *Eckert* would control. However, the plaintiff was occupying "a non-owned automobile" when injured. It is obviously impossible to link the coverage in any of the plaintiff's policies to any particular vehicle. In effect, the plaintiff's father pays three separate premiums on three separate policies, each of which provides that insureds will be paid up to $5,000 in medical benefits if they are injured in "a non-owned automobile." We see no reason why the insured cannot stack coverage in such a case in return for the premiums paid.

If the defendant wished to preclude such a result, clear and unambiguous policy language to that effect could easily have been included in the policy. Indeed, the instant defendant, U.S.A.A., has used such language in policies it has sold in other jurisdictions. The following is an excerpt from a U.S.A.A. auto insurance policy issued in Alabama:

*Limits of Liability* . . . . The inclusion of more than one automobile . . . or the issuance to the same named insured of two or more policies with this endorsement shall not operate to increase the limit of the company's liability per person beyond that stated in the Declarations.

*See United Services Automobile Ass'n v. Smith,* 57 Ala. App. 506, 329 So.2d 562 (1976).

In response to increased litigation spawned by the almost incomprehensible language found in many insurance policies, some states have reacted by enacting plain language laws requiring clear, simple policy language. *See* Mass. Gen. Laws Ann. c. 175 § 2B (1979).

The following is offered as an example of a plain language provision in effect in Massachusetts that would have avoided the issue raised in this case:

The most we will pay for any one person as a result of any one accident is shown on the Coverage Selections page. This is the most we will pay as the result of a single accident no matter how many autos or premiums are shown on the Coverage Selections page.

As it is, a reasonable person in the position of the insured would read the policy language in this case to allow stacking if the injury occurred while the insured occupied "a non-owned automobile." *Peerless Insurance Co. v. Clough,* 105 N.H. 76, 193 A.2d 444 (1963). *See generally Storms v. U.S. Fidelity and Guar. Co.,* 118 N.H. 427, 388 A.2d 578 (1978).

*Exception sustained.*

All concurred.