Rockingham
No. 81-247

HAMPTON INDOOR TENNIS CENTER, INC.

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY

September 8, 1982

*Steven Eric Feld*, of Portsmouth, by brief and orally, for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the defendant.

BATCHELDER, J.  The questions raised in this appeal are simply stated:

1) Does the "explosion" coverage in the plaintiff's St. Paul Fire & Marine Insurance Company (St. Paul) policy cover a loss caused by the collapse of an air-inflated structure or "bubble," which succumbed to the weight of accumulated melted snow and rain water?

2) Did the trial court properly exclude certain evidence offered by the plaintiff relating to representations made to its agents by representatives of the defendant insurance company?

3) Did the trial court properly dismiss the plaintiff's petition for declaratory judgment?

The case was heard before the Superior Court (*Contas*, J.), who granted a directed verdict for the defendant at the close of all the evidence. We affirm.

The plaintiff owned and operated a tennis and health club facility, including four tennis courts, in an air-inflated structure located in Hampton, New Hamsphire. The structure was held up by a blower system, which maintained an air pressure of 5.2 and 7.5 pounds per square foot against a vinyl-coated dacron fabric. The primary blower system was part of the furnace and was backed up by an auxiliary system, designed to operate when the air pressure dropped below a particular level. The heating system was operated manually. A temperature of 58 degrees Fahrenheit was maintained

when the building was used; otherwise, the interior temperature varied according to the outside temperature. On February 26, 1980, the furnace began malfunctioning, and several attempts to repair it were unsuccessful. At some time subsequent to February 26, it was determined that there had been an explosion in the furnace on or about that date. The furnace continued to operate erratically. More trouble beset the plaintiff. On March 13, 1980, melted snow and rain water began accumulating in an indentation on the exterior of the tennis bubble. Then, on the morning of March 14, the structure collapsed. The plaintiff claims that the February 26 furnace explosion resulted in a malfunction of the heating system which failed to maintain sufficient air pressure in the bubble to prevent an accumulation of snow on the exterior, causing the collapse.

The language of the policy which governs is as follows:

"Losses covered by this agreement:

This agreement insures all your property covered under this agreement against *direct* loss or damage caused by one of the perils listed below. This agreement doesn't insure against any perils not listed here unless they are specifically added by an endorsement on this policy.

We'll cover loss or damage caused *directly* by explosions. This includes loss or damage caused by the explosion of accumulated gas or unconsumed fuel in a firebox or combustion chamber of a fired furnace or in the flues or passages leading from the fire box or chamber."

(Emphasis added.)

■■ The trial court granted the defendant's motion to dismiss at the close of the evidence. The collapse of the structure on March 14 from the weight of water can hardly be said to be the *direct* result of an explosion in the furnace on February 26. The record amply supports the findings of fact and rulings of law by the trial court on this causation issue, and because a reasonable trier of fact could have so found, we affirm. *See Cloutier v. A. & P. Tea Co., Inc.,* 121 N.H. 915, 921, 436 A.2d 1140, 1143 (1981).

■ The plaintiff argues that the trial court improperly dismissed its petition for declaratory judgment. The underlying issue which was litigated in this case was whether the loss sustained by the plaintiff was in fact contemplated or covered by the language of the policy. The action at law, however, necessarily decided the same issues that the declaratory judgment action would decide.

Accordingly, the dismissal of the declaratory judgment action was proper, because it was merely duplicative of the action at law.

■■ The court's exclusion of the evidence of statements or representations made to the insured by the agency which sold the policy to the plaintiff was proper because, before trial, the plaintiff waived a motion to amend the pleadings to include any count upon which this evidence would be relevant. Where an argument is not made before the trial court, it may not be considered on appeal. *See Downtown Athletic Club, Inc. v. Brown*, 122 N.H. 633, 635, 448 A.2d 402, 404 (1982); *Badr Export & Import, Inc. v. Groveton Papers Co.*, 122 N.H. 101, 103, 441 A.2a 1159, 1161 (1982).

*Affirmed.*

All concurred.