Merrimack
No. 82-255

# KENNETH W. ANDREWS & a.

v.

# NATIONWIDE MUTUAL INSURANCE COMPANY

October 28, 1983

*Upton, Sanders & Smith*, of Concord (*Frederic K. Upton* on the brief and orally), for the plaintiffs.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Andrew D. Dunn* on the brief and orally), for the defendant.

PER CURIAM. The defendant, Nationwide Mutual Insurance Company, appeals from adverse rulings by the Superior Court (*Cann*, J.) concerning the interpretation to be given provisions in one of its automobile liability policies and the applicability of declaratory judgment procedures to situations involving first-party claims; *i.e.*, claims between the insured and the insurer not involving liability to a third party. For the reasons that follow, we affirm.

The plaintiffs, Kenneth W. and Rachel Andrews, filed a petition for declaratory judgment (RSA 491:22) seeking a judicial interpretation of the uninsured motorist endorsement in Mr. Andrews' insurance policy. The parties stipulated to the following facts. On November 23, 1979, Mrs. Andrews was operating an automobile covered by the policy issued by the defendant. Mr. Andrews and the couple's two minor children were passengers. The automobile was involved in a collision on a public highway in Rochester with a vehicle which was later determined to be an uninsured motor vehicle as defined by Mr. Andrews' policy. Both plaintiffs and their two children suffered bodily injuries as a result of the collision. The plaintiff Rachel Andrews made a claim exceeding $100,000 against the insurer under the uninsured motorist endorsement for damages on account of her bodily injuries. Mr. Andrews and each of the children also made individual claims against the defendant under the policy's uninsured motorist coverage for injuries which each of them sustained.

The claims by Mr. Andrews and the two children are not in issue but are relevant to this appeal to the extent that they indicate that more than one person sustained bodily injuries in this single occurrence.

The issues presented to the trial court and which now are the basis of the defendant's appeal are:

1. Whether the claim of the plaintiff Rachel Andrews under the uninsured motorist coverage of the automobile liability policy on account of her bodily injuries, where more than one person has sustained damages in the same occurrence, is limited only by the aggregate per "occurrence" limit of $300,000, and is not subject to the "one person" limit of $100,000.

2. Whether RSA 491:22-a relating to the burden of proof in a petition for declaratory judgment to determine coverage of a liability insurance policy, and RSA 491:22-b relating to costs and attorneys' fees in such a declaratory judgment action, are applicable to a petition involving first-party claims.

We consider first the procedural issue. The defendant contends that an insured's first-party claim against his insurer cannot be asserted in an action for declaratory judgment, RSA 491:22, and that it therefore follows that the provisions of RSA 491:22-a (Supp. 1979), relating to the burden of proof, and RSA 491:22-b (Supp. 1979), relating to costs and attorney's fees, are inapplicable to such claims. We disagree.

We believe that the language of RSA 491:22 is clearly broad enough to encompass the type of claim raised here. RSA 491:22 states:

"*Any person* claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title, to determine the question as between the parties, and the court's judgment or decree thereon shall be conclusive. No petition shall be maintained under this section to determine coverage of an insurance policy unless it is filed within six months after the filing of the writ which gives rise to the question; provided, however, that the foregoing prohibition shall not apply where the facts giving rise to such coverage dispute are not known to, or reasonably discoverable by, the insurer until after expiration of such six month period, and provided, further, that the superior court may permit the filing of such a petition after such period upon a finding that the failure to file such petition was the result of accident, mistake or misfortune and not due to neglect."

(Emphasis added.)

■ The defendant argues, however, that the six-month filing limitation for third-party claims contained within RSA 491:22 supports its contention that only that type of insurance claim can be asserted in a declaratory judgment action. We conclude, as did the trial court, that merely because the legislature deemed a six-month limitation desirable in cases involving third-party insurance claims does not mean it also intended to limit the applicability of the statute to such claims.

■■ We acknowledge the general proposition that the availability of adequate relief through other proceedings bars the maintenance of a declaratory judgment action. *E.g., Beaudoin v. State*, 113 N.H. 559, 561, 311 A.2d 310, 312 (1973). However, "[a]lthough it may be true that plaintiff's rights could be enforced in an action at law this does not *necessarily* preclude their determination by a petition for declaratory judgment." *Hermer v. Dover*, 105 N.H. 108, 110, 192 A.2d 624, 625 (1963) (emphasis added).

■ We have previously considered first-party insurance claims which have been brought as declaratory judgment actions under RSA 491:22. *See, e.g., Grimes v. Concord Gen'l Mut. Ins. Co.*, 120 N.H. 718, 422 A.2d 1312 (1980); *Shea v. United Services Auto Ass'n*, 120 N.H. 106, 411 A.2d 1118 (1980). Recognizing that a declaratory judgment action is "a broad remedy which should be liberally construed so as to effectuate the evident statutory purpose of making a controversy over a legal or equitable right justiciable at an earlier stage of the controversy than it would be if the matter were

pursued in an action at law or in equity," *Beaudoin v. State*, 113 N.H. at 562, 311 A.2d at 313, we hold that a petition for declaratory relief is a proper means for determining first-party insurance coverage claims.

■ Nor does *Hampton Indoor Tennis Center, Inc. v. St. Paul Fire & Marine Insurance Co.*, 122 N.H. 790, 451 A.2d 172 (1982), dictate a different result. In *Hampton,* we upheld the trial court's dismissal of a declaratory judgment action which had been brought simultaneously with an action at law, because "it was merely duplicative of the action at law." *Hampton Indoor Tennis Ctr., Inc. v. St. Paul Fire & Marine Ins. Co.*, 122 N.H. at 793, 451 A.2d at 173. We did not hold in that case that a declaratory judgment action was an inappropriate procedural vehicle even if it had been brought alone, and we do not embrace that view now.

■ Since the plaintiffs' claims can be resolved by means of a petition for declaratory judgment, it follows that the provisions in the statute which allocate the burden of proof, court costs and attorneys' fees in a petition for declaratory judgment action are applicable. RSA 491:22-a (Supp. 1979); RSA 491:22-b (Supp. 1979).

We next address the issue involving the interpretation to be given language in the insurance policy relating to uninsured motorist coverage. The provisions at issue state:

> "Our obligation to pay Bodily Injury losses under this coverage is limited to the amounts per person and per occurrence stated in the attached Declarations. . . . The following conditions apply to these limits:
>
> 1. Limits shown for any one person are for all legal damages claimed by anyone for bodily injury or loss of services of one person as a result of one occurrence. For each such occurrence, the total limit of our liability shown is for all damages sustained by two or more persons."

The declarations attached to the policy indicated that the limits of the defendant's liability were $100,000 for each person and $300,000 for each accident.

The defendant argues that these provisions evidence the classic double-limit coverage which is standard in the insurance industry; that is, that the upper per occurrence limit of $300,000 is modified by the lower per person limit of $100,000. In the defendant's view, Mrs. Andrews can recover only up to the $100,000 per person limit because the limitation for injuries to one person applies notwithstanding the fact that others were injured in the same accident. In the usual case, we would agree with the defendant's position. How-

ever, as the plaintiffs point out, this "plain language" policy lacks any language which makes the "per occurrence" limit subject to the "per person" limit.

The cases relied upon by the defendant, at least with respect to the particular policy involved here, are inapposite because those cases interpreted insurance policies which specifically stated that the total liability per occurrence was "subject to" the per person provision. *See, e.g., Standard Acc. Ins. Co. of Detroit Mich. v. Winget,* 197 F.2d 97, 104 n.2 (9th Cir. 1952); *Mannheimer Bros. v. The Kansas C. & S. Co.,* 149 Minn. 482, 486, 184 N.W. 189, 191 (1921).

We must look at the pertinent language and examine it in the context of *this* policy and its attached declarations. *See Robbins Auto Parts, Inc. v. Granite State Ins. Co.,* 121 N.H. 760, 764, 435 A.2d 507, 509 (1981). The policy at issue states that the "[l]imits shown for any one person are for all legal damages claimed by anyone for bodily injury or loss of services of one person as a result of one occurrence." This language would appear to limit the plaintiff Rachel Andrews to a maximum recovery of $100,000, as she is claiming legal damages for bodily injury and loss of services of only one person, herself, as a result of one occurrence.

■ Because we must consider the policy as a whole, however, *see Trombly v. Blue Cross/Blue Shield,* 120 N.H. 764, 768, 423 A.2d 980, 983 (1980), we consider the effect of the subsequent sentence in the policy upon our analysis. That sentence states: "For each such occurrence, the total limit of our liability shown is for all damages sustained by *two* or more persons." (Emphasis added.) If we were to adopt the defendant's position that the per person limit applies notwithstanding the number of persons injured in one occurrence, we would have to conclude that $200,000 and not the $300,000 as stated on the declarations page is the defendant's limit of liability when two persons are injured. This clearly is contrary to the express provisions of this policy. The defendant's limit under this particular policy is $300,000 per occurrence. If $300,000 is the limit when two persons sustain damages, then this appears to indicate that one person may be able to recover more than $100,000 in a case where two or more persons are injured in the same accident. We also note the absence of any language making the "per occurrence" limit subject to the "per person" limit. Therefore, despite its "plain language" format, we find that these provisions discussing the "per person" and "per occurrence" limits of liability are ambiguous with respect to the particular coverage purchased by Mr. Andrews.

■ "The general rule is that the court will honor the reasonable expectations of the policyholder." *Town of Epping v. St. Paul*

*Fire & Marine Ins. Co.*, 122 N.H. 248, 252, 444 A.2d 496, 498 (1982); *Trombly v. Blue Cross/Blue Shield*, 120 N.H. at 771, 423 A.2d at 985 (1980); *Magulas v. Travelers Ins. Co.*, 114 N.H. 704, 706, 327 A.2d 608, 609 (1974). Ambiguities in the language of an insurance policy are "construed in favor of the insured and against the insurer." *Trombly v. Blue Cross/Blue Shield*, 120 N.H. at 771–72, 423 A.2d at 985 (1980). We conclude that an insured reading the limitation of payment provisions as they are written in this particular policy could reasonably conclude that one person may be able to recover more than $100,000 in cases where two or more persons sustain bodily injuries in the same occurrence. Therefore, because bodily injuries were sustained by all four of the Andrewses in the accident at issue, we find that the defendant is obligated to provide coverage to plaintiff Rachel Andrews without regard to the "per person" limit of $100,000. The defendant's total obligation, however, to all the injured parties in this single occurrence is limited to $300,000.

If the defendant wished to preclude such a result, clear and unambiguous policy language to the effect that the "per occurrence" limit is subject to the "per person" limit could easily have been included in the policy. *See Shea v. United Services Auto. Ass'n*, 120 N.H. at 108, 411 A.2d at 1119 (1980).

In addition, as stated above, because RSA 491:22-b (Supp. 1979) applies to this declaratory judgment action, we affirm the trial court's award of court costs and reasonable attorneys' fees to the plaintiffs.

*Affirmed.*

SOUTER, J., did not sit; BROCK, J., dissented in part.

BROCK, J., dissenting in part: I concur in the majority's decision that a declaratory judgment procedure is an appropriate means for determining first-party insurance coverage claims.

In my view, however, because the $100,000 per person-$300,000 per occurrence limits in the policy involved in this case were clearly intended to describe the classic double-limit coverage that is standard in the insurance industry, the insured in this case could not reasonably have expected that he was obtaining an insurance policy that would provide more than $100,000 coverage per person. As we stated in *Robbins Auto Parts, Inc. v. Granite State Insurance Co.*, 121 N.H. at 764, 435 A.2d at 509, "[t]he ambiguity rule which we adopted in *Trombly* will not be applied so as to create coverage where it is clear that none is intended."