Plaza 28 Assoc. v. Vermont Mut'l Ins. CV-89-494-JD  02/28/95
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Plaza 28 Associates

        v.                              Civil No. 89-494-JD

Vermont Mutual Ins. Company


                        O R D E R


     The plaintiff, Plaza 28 Associates, brought this declaratory

judgment action against the defendant, Vermont Mutual Insurance

Company, to determine the scope of coverage provided under

certain insurance policies sold by the defendant.  Before the

court is the defendant's "motion for a ruling" (document no.

37).[1]



                       Background

     The following material facts do not appear to be in dispute.

     From July 20, 1984, to July 20, 1988, the plaintiff's

property in Londonderry, New Hampshire, was insured under

"comprehensive business liability insurance" policies sold by the

_____

     [1]The Federal Rules of Civil Procedure, which have governed
this action since the defendant removed it to this court, do not
provide for a motion for a ruling.  On February 9, 1995, the
court issued a procedural order indicating that it intended to
treat the defendant's filing as a motion for partial summary
judgment under Fed. R. Civ. P. 56 unless it received an objection
by February 16, 1995.  Neither party has objected and the court
will proceed under Rule 56 accordingly.

defendant. During the period of coverage various caustic materials were discovered on the property, which the plaintiff removed at its own expense. The plaintiff unsuccessfully filed a claim with the defendant for coverage under the policies.

On October 4, 1989, the plaintiff filed a petition for declaratory judgment in state court under N. H. Rev. Stat. Ann. ("RSA") § 491:22 to determine whether the defendant was obligated to honor the claim under the policy. On October 23, 1989, the defendant removed the action to this court, grounding jurisdiction on the diversity of citizenship of the parties, 28 U.S.C.A. § 1332.

The present action remains the sole lawsuit filed concerning environmental contamination on the plaintiff's Londonderry property.

## Discussion

The defendant asserts that the plaintiff cannot proceed under the state declaratory judgment act ("act"), RSA § 491:22, because no "underlying" lawsuit has been filed in New Hampshire state court. Defendant's Motion for Ruling at ¶¶ 3, 4. The defendant further asserts that, given the inapplicability of § 491:22, the plaintiff may not invoke the act's burden shifting provisions, RSA § 492:22-a, or demand attorney's fees and costs,

2

RSA § 492:22-b.  <u>Id.</u> at ¶ 5.  Instead, the defendant requests that the court treat this action as a traditional breach of contract lawsuit with the plaintiff bearing the burden of proof and its own costs and fees.  <u>Id</u>. at ¶ 8A; Defendant's Memorandum in Support of Motion for Ruling at 4.

In its response, the plaintiff asserts that New Hampshire law permits a party to litigate a first-party insurance dispute (i.e. those without an underlying lawsuit) under the act. Plaintiff's Objection to Defendant's Motion for Ruling ("Plaintiff's Objection to Motion for Ruling") at ¶¶ 4-7.

The court applies the summary judgment standard.  <u>See</u>, <u>e.g.</u>, <u>Snow v. Harnischfeger Corp.</u>, 12 F.3d 1154, 1157 (1st Cir. 1993), <u>cert. denied</u>, 115 S. Ct. 56 (1994).


I.   Application of RSA § 491:22

Under <u>Erie v. Tompkins</u> and its progeny, the court may apply state-law remedies to federal diversity actions.  <u>Titan Holdings Syndicate, Inc. v. City of Keene, N.H.</u>, 898 F.2d 265, 273 (1st Cir. 1990)(citing <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938)); <u>Johnson v. Watts Regulator Co.</u>, No. 92-508, slip op. at 12 (D.N.H. Oct. 26, 1994).  New Hampshire law provides for a declaratory judgment remedy.  <u>See</u> RSA § 491:22 (1983 & Supp. 1993).  The relevant statute provides:

> Any person claiming a present legal or equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties . . . . No petition shall be maintained under this section to <u>determine coverage of an insurance policy</u> unless it is filed within 6 months . . . .

<u>Id.</u> (emphasis supplied).[2]

Policyholders regularly file declaratory judgment petitions to determine whether an insurance policy covers a given loss. <u>Johnson v. Watts</u>, slip op. at 13; <u>Andrews v. Nationwide Mut. Ins. Co.</u>, 124 N.H. 148, 150-51, 467 A.2d 254, 256-57 (1983) (citing <u>Grimes v. Concord Gen'l Mut. Ins. Co</u>, 120 N.H. 718, 422 A.2d 1312 (1980); <u>Shea v. United Services Auto Ass'n</u>, 120 N.H. 106, 411 A.2d 1118 (1980)). The statute, by its express terms, anticipates that declaratory judgments may be filed "to determine coverage of an insurance policy . . . ." RSA § 491:22. The phrase "to determine coverage" includes a "determination either of the existence of an insurance contract or that an existing insurance contract covers the particular incident in question, or both." <u>Johnson v. Watts</u>, slip op. at 13 (quoting <u>Hodge v. Allstate Ins. Co.</u>, 130 N.H. 743, 747, 546 A.2d 1078, 1080-81 (1988) (interpreting identical language in the context of RSA §

---

[2]The New Hampshire state legislature recently amended RSA § 491:22, with the amendment effective January 1, 1995. Act of April 26, 1994, 1994 N.H. Laws ch. 37 (LEXIS) (to be codified at RSA § 491:22). Neither party has argued that the amended statute should apply retroactively to the present litigation.

4

491:22-b)). Moreover, because a declaratory judgment action is a "broad remedy which should be liberally construed" it is considered a "proper means for determining first-party insurance coverage claims." Andrews, 124 N.H at 151-52, 467 A.2d at 256 (quoting Beaudoin v. State, 113 N.H. 559, 562, 311 A.2d 310, 313 (1973)); see Johnson v. Watts, slip op. at 14, n.6 (RSA § 491:22 appropriate where the "disputed question is whether the defendants are under any obligation to pay (i.e. is there coverage under the facts of this case).") (emphasis in original).[3]

---

[3]The defendant argues that the declaratory judgment provisions of RSA § 491:22 do not apply because "no underlying claim has been not [sic] brought in New Hampshire state court." Defendant's Memorandum in Support of Motion at 5-6, 7.

The argument is unavailing as it rests on an incomplete reading of the cited authority and New Hampshire law. The defendant is correct that, under New Hampshire law, where there is an underlying lawsuit, the court does not apply RSA § 491:22 "unless the underlying liability lawsuit is brought in New Hampshire state court." Town of Allenstown v. National Casualty Co., 36 F.3d 229, 232 (1st Cir. 1994). Significantly, Allenstown and other cases cited by the defendant on the issue involved a declaratory judgment based on an underlying lawsuit filed in a forum other than a New Hampshire state court, such as federal court or another state court. See, e.g., Allenstown, 36 F.3d at 232; Town of Peterborough v. Hartford Fire Ins. Co., 824 F. Supp. 1102, 1107 (D.N.H. 1993); Scully's Auto-Marine Upholstery v. Peerless Ins. Co., 136 N.H. 65, 66-67, 611 A.2d 635, 636 (1992). These cases do not bar the plaintiff from maintaining a first-party action under RSA § 491:22 in federal court. See Johnson v. Watts, slip op. at 13-15 (under New Hampshire law plaintiff who filed first-party § 491:22 action in state court could maintain action in federal court following removal by defendant); see also Allenstown, 36 F.3d at 232; Peterborough, 824 F. Supp. at 1107. Compare New Hampshire Ball Bearings v. Aetna Casualty, 848 F.

5

In this case the plaintiff has filed a first-party action seeking a determination of whether the liability policies cover its losses related to the environmental cleanup.[4]  The defendant maintains that the policies do not cover the claimed losses. This case presents a classic application of the declaratory judgment remedy and the court will proceed under RSA § 491:22 _et seq._ accordingly.

_____

Supp. 1082, 1089 (D.N.H. 1994), rev'd on other grounds, 1995 U.S. App. LEXIS 155 (1st Cir. Jan. 5, 1995) (court of appeals noted, in dicta and without explanation, that district court correctly read Allenstown to bar a RSA § 491:22 declaratory judgment not based on an underlying action filed in New Hampshire state court).  Moreover, under Erie and its progeny, the defendant cannot be permitted to strip the plaintiff of an available state law remedy simply by removing the case to federal court.  See Johnson v. Watts, slip op. at 12.  The court finds the absence of an underlying New Hampshire state court lawsuit does not impair the plaintiff's ability to maintain its first-party action under RSA § 491:22.

[4]In its reply brief, the defendant asserts that the "plaintiff claims, and always has claimed, third-party coverage under the . . . policies."  Defendant's Reply Memorandum to Plaintiff's Objection to Motion for Ruling at ¶ 3 (emphasis supplied).

The argument is misleading.  The court has ruled, supra, that New Hampshire law permits plaintiffs to bring first-party claims under RSA § 491:22.  First-party claims are defined as "claims between the insured [i.e the plaintiff] and the insurer [i.e. the defendant] not involving liability to a third party." Andrews, 124 N.H. at 149, 467 A.2d at 254.  In contrast, third-party claims are those "distinct from the main [i.e. underlying] action."  Black's Law Dictionary 1479-80 (6th ed. 1990).  Thus, so long as the plaintiff is litigating a first-party action, it is irrelevant for purposes of the availability of RSA § 491:22 that the ultimate remedy sought is the recovery of third-party "benefits" or "coverage" under the policy.

## II.  Application of RSA § 491:22-a, 22-b

The defendant asserts that because RSA § 491:22 does not govern this action, the burden shifting, attorney's fees and cost provisions are similarly inapplicable.  Defendant's Motion for Ruling at ¶ 5 (citing RSA § 491:22-a, 22-b).  Conversely, the defendant concedes these provisions would apply "[if] RSA 491:22 were applicable to plaintiff's action."  Defendant's Memorandum in Support of Motion at 4.

Given the court's ruling, supra, the plaintiff may also invoke subsections 22-a and 22-b.  Thus, the defendant bears the burden of proof concerning the scope of coverage under the policies.  See RSA § 491:22-a.[5]  Likewise, should the plaintiff prevail, it "shall receive court costs and reasonable attorneys' fees" from the defendant.  Id. § 491:22-b; see Johnson v. Watts, slip op. at 26 (citing LaSorsa v. Unum Life Ins. Co., 955 F.2d 140, 150 (1st Cir. 1992) (prevailing insured in diversity action entitled to costs and fees under RSA § 491:22-b)).

---

[5]The court notes that the burden shifting provisions only apply to actions filed to "determine the coverage of a liability insurance policy . . . ."  RSA § 491:22-a (emphasis supplied). However, the defendant neither disputes the application of subsection 22-a where the overall act would apply nor denies that the policies at issue were, in fact, "liability" policies.  See Defendant's Memorandum in Support of Motion at 4; Answer at ¶ 1 (admitting plaintiff's allegation that defendant sold "comprehensive business liability insurance").

## Conclusion

This action is governed by RSA § 491:22 <u>et</u> <u>seq</u>. The defendant's motion for a ruling, treated by the court as a motion for partial summary judgment, (document no. 37) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

February 28, 1995

cc:  David W. Hess, Esquire
     Gregory A. Holmes, Esquire