General Linen v. Charter Oak Fire     CV-94-398-JD  06/20/95  P
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE


General Linen Service Co., Inc.

     v.                                    Civil No. 94-398-JD

Charter Oak Fire Ins. Co., et al.


                          O R D E R


     The plaintiff, General Linen Service Company ("General"),

has brought this declaratory judgment and breach of contract

action to determine the scope of and receive coverage under

various insurance policies issued by the defendant insurance

companies.  Before the court is the motion of defendant American

Employers Insurance Company ("American") to dismiss (document no.

25).  Defendant Royal Insurance Company of America ("Royal"),

defendant Charter Oak Fire Insurance Company ("Charter"), and

defendant Travelers Insurance Company ("Travelers") have joined

in American's motion (document nos. 27, 32).


                        Background[1]

     General disposed of waste materials at a landfill located in

Somersworth, New Hampshire, from the early 1960s until 1980.  The

landfill ceased to accept industrial and municipal waste in 1981

_____

     [1]The court's recitation of the facts relevant to the instant
motion are drawn from the plaintiff's amended complaint.

when the city of Somersworth limited its use pursuant to a landfill closure plan implemented in conjunction with state waste management officials. The site was voluntarily closed the following year.

Following closure in 1982, the Environmental Protection Agency ("EPA") announced the discovery of groundwater, soil and air contamination at and around the landfill and, in turn, placed the site on its National Priorities List ("NPL"). The EPA has alleged that the contamination resulted, in part, from the disposal of General's waste.

The EPA and the New Hampshire Department of Environmental Services undertook a remedial investigation and feasibility study and, in or about 1988, the EPA notified General that it may be a potentially responsible party ("PRP") for the alleged contamination. Since that time General has negotiated with the EPA and at some point consented to an administrative order requiring it to subsidize the cost of the remedial investigation and feasibility study. General was officially named as a PRP in December 1993, at which time the EPA estimated the total cost of site remediation to be in excess of twenty million dollars.

From 1974 until 1989 General purchased various general liability and umbrella policies from the defendants, each with liability limits of between $300,000 and seven million dollars.

2

General has identified at least ten such policies issued by American, two of which provided coverage beginning on April 4, 1983.  In addition, General has

> claimed coverage under previous or other policies issued by American Employers Insurance Company and/or Commercial Union Insurance Company prior to 4/1/83 and/or after 4/1/89, the policy numbers and dates of which are currently unavailable.

Amended Complaint, Exhibit A.

In April 1988, General first notified the defendants of its potential environmental liability and requested coverage.  Each defendant denied coverage, refused to defend and indemnify, or otherwise reserved its rights to do so in the future.  In early 1994, General notified the defendants of its status as an official PRP and again demanded coverage.  To date the defendants have refused each such request.


## Discussion

American asserts that General may not proceed against any defendant under the state declaratory judgment act, N.H. Rev. Stat. Ann. ("RSA") § 491:22, because "there has been no 'writ' filed in an underlying action in a New Hampshire state court." Motion to Dismiss at ¶ 1.  In the alternative, American asserts that it alone should be dismissed from this action because General has failed to allege the manifestation of property damage

3

during the time period it was insured under an American policy. Id. at ¶ 2.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Accordingly, the court must take the factual averments contained in the complaint as true, "indulging every reasonable inference helpful to the plaintiff's cause." Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); see also Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). In the end, the court may grant a motion to dismiss under Rule 12(b)(6) "`only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'" Garita, 958 F.2d at 17 (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

I.   Application of RSA § 491:22

Under Erie v. Tompkins and its progeny, the court may apply state-law remedies to federal diversity actions. Titan Holdings Syndicate, Inc. v. City of Keene, N.H., 898 F.2d 265, 273 (1st Cir. 1990) (citing Erie Railroad Co. v. Tompkins, 304 U.S. 64

4

(1938)); <u>Plaza 28 Associates v. Vermont Mutual Ins. Co.</u>, No. 89-494-JD, slip op. at 3 (D.N.H. Feb. 28, 1995); <u>Johnson v. Watts Regulator Co.</u>, No. 92-508, slip op. at 12 (D.N.H. Oct. 26, 1994). New Hampshire law provides for a declaratory judgment remedy. <u>See</u> RSA § 491:22 (1983 & Supp. 1994).

Policyholders regularly file declaratory judgment petitions to determine whether an insurance policy covers a given loss. <u>Johnson v. Watts</u>, slip op. at 13; <u>Andrews v. Nationwide Mut. Ins. Co.</u>, 124 N.H. 148, 150-51, 467 A.2d 254, 256-57 (1983) (citing <u>Grimes v. Concord Gen'l Mut. Ins. Co</u>, 120 N.H. 718, 422 A.2d 1312 (1980); <u>Shea v. United Services Auto Ass'n</u>, 120 N.H. 106, 411 A.2d 1118 (1980)). The statute, by its express terms, anticipates that declaratory judgments may be filed "to determine coverage of an insurance policy . . . ." RSA § 491:22. The phrase "to determine coverage" includes a "determination either of the existence of an insurance contract or that an existing insurance contract covers the particular incident in question, or both." <u>Johnson v. Watts</u>, slip op. at 13 (quoting <u>Hodge v. Allstate Ins. Co.</u>, 130 N.H. 743, 747, 546 A.2d 1078, 1080-81 (1988) (interpreting identical language in the context of RSA § 491:22-b)). Moreover, because a declaratory judgment action is a "broad remedy which should be liberally construed" it is considered a "proper means for determining first-party insurance

5

coverage claims." <u>Andrews</u>, 124 N.H at 151-52, 467 A.2d at 256 (quoting <u>Beaudoin v. State</u>, 113 N.H. 559, 562, 311 A.2d 310, 313 (1973)); <u>see</u> <u>Plaza 28 Associates</u>, slip op. at 5 (RSA § 491:22 appropriate where the "disputed question is whether the defendants are under any obligation to pay (i.e. is there <u>coverage</u> under the facts of this case).") (emphasis in original); <u>Johnson v. Watts</u>, slip op. at 14, n.6 (same).

The defendant argues that General may not invoke the declaratory judgment provisions of RSA § 491:22 because this action is not predicated on a writ filed in an underlying action in New Hampshire state court.

The argument is unavailing as it rests on an incomplete reading of the cited authority and New Hampshire law. The defendant is correct that, where there is an underlying lawsuit, RSA § 491:22, as it existed prior to amendment effective January 1995, would not apply "unless the underlying liability suit is brought in New Hampshire state court." <u>Town of Allenstown v. National Casualty Co.</u>, 36 F.3d 229, 232 (1st Cir. 1994); <u>Plaza 28 Associates</u>, slip op. at n.3.[2] Significantly, <u>Allenstown</u> and

_____

[2]The New Hampshire state legislature recently amended RSA § 491:22, with the amendment effective January 1, 1995. Act of April 26, 1994, 1994 N.H. Laws ch. 37 (LEXIS) (to be codified at RSA § 491:22). The amendment permits litigants to maintain an action under section 491:22 where the underlying action, if any, is brought in a court other than a New Hampshire state court, such as any state or federal court. <u>See</u> <u>id.</u> The court need not determine whether the revised statute should apply retroactively

6

other cases cited by American on the issue involved a declaratory judgment based on an underlying lawsuit filed in a forum other than a New Hampshire state court, such as federal court or another state court.  See, e.g., Allenstown, 36 F.3d at 232; Town of Peterborough v. Hartford Fire Ins. Co., 824 F. Supp. 1102, 1107 (D.N.H. 1993); Scully's Auto-Marine Upholstery v. Peerless Ins. Co., 136 N.H. 65, 66-67, 611 A.2d 635, 636 (1992).  These cases do not bar the plaintiff from maintaining a first-party action under RSA § 491:22 in federal court.  See Plaza 28 Associates, slip op. at n. 3 (plaintiff who filed first-party section 491:22 action in state court could maintain action in federal court following removal by defendant); Johnson v. Watts, slip op. at 13-15 (same) see also Allenstown, 36 F.3d at 232; Peterborough, 824 F. Supp. at 1107. Compare New Hampshire Ball Bearings v. Aetna Casualty, 848 F. Supp. 1082, 1089 (D.N.H. 1994), rev'd on other grounds, 43 F.3d 749, 752 (1st Cir. 1995) (court of appeals noted, in dicta and without explanation, that district court correctly read Allenstown to bar a RSA § 491:22 declaratory judgment not based on an underlying action filed in New Hampshire state court).  Thus, the absence of a writ in an

_____

to the present litigation because the amendment has no relevance to those declaratory judgment actions not based on an underlying lawsuit.  See id.

underlying New Hampshire state court lawsuit or, for that matter, the absence of an underlying lawsuit in any court, does not impair a litigant's ability to maintain a first-party action under RSA § 491:22.

The plaintiff has filed a first-party action seeking a determination of whether the defendants' policies cover losses related to the Somersworth site. The defendants deny they are obligated to insure General for the claimed losses. This case presents a classic application of the declaratory judgment remedy and the plaintiff may proceed under RSA § 491:22 et seq. accordingly.

## II. Property Damage Within Policy Period

American next asserts that, as matter of law, its policies do not provide coverage for the plaintiff's claims because the claims manifested themselves no later than 1982 and, "[c]onsequently, there is no possibility that there was any 'occurrence' in or subsequent to April, 1983, which is the earliest date that General Linen alleges American issued any policy to General Linen." Defendants' Consolidated Memorandum in

8

Support of Motion to Dismiss ("Defendants' Consolidated Memorandum") at 13.[3]

American is correct that the only insurance policies the plaintiff specifically claims to have purchased from American took effect in April 1983, or later. However, the plaintiff also claims to have been covered under "other policies issued by American Employers Insurance Company and/or Commercial Union Insurance Company prior to 4/1/83 . . . ." Amended Complaint, Exhibit A (emphasis supplied). Thus, the amended complaint plainly alleges coverage under an American policy for an unspecified period prior to 1983. Indulging the plaintiff every reasonable inference, the court construes the amended complaint to allege that this unspecified period began to run prior to the relevant trigger or manifestation date and, thus, within the time period American insured the property. This construction is particularly reasonable given that General has made specific

---

[3]General asserts without case authority that the court may not dismiss the claims against American because the magistrate judge already has considered and rejected American's manifestation argument when granting the motion to amend the complaint. Plaintiff's Consolidated Objection to Defendants' Motion to Dismiss at ¶ 12. This argument, which the court understands to be advanced under a law of the case theory, is not a proper basis upon which to deny the instant motion to dismiss because the court applies an even more lenient standard when ruling on a motion to amend under Rule 15 than that governing the instant motion under Rule 12(b)(6).

factual allegations concerning a policy that took effect in 1983 and that American, although disputing the less specific claim that it insured the property before 1983, concedes the trigger date could have been as late as 1982. Accordingly, the plaintiff has alleged sufficient facts to state a viable claim against American to survive dismissal under Rule 12(b)(6).

<u>Conclusion</u>

The motions to dismiss (document nos. 25, 27, 32) are denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

June 20, 1995

cc:  R. Timothy Phoenix, Esquire
     E. Tupper Kinder, Esquire
     John A. Nadas, Esquire
     Daniel J. Harkinson, Esquire
     Dianne Bresee Mayberger, Esquire
     Cindy Robertson, Esquire
     Robert J. Kelly, Esquire
     Kevin C. Devine, Esquire
     Peter C. Kober, Esquire

10