Grafton
No. 98-033

DARLENE KING-JENNINGS, INDIVIDUALLY AND AS A PARENT
AND NEXT FRIEND OF AUSTIN D. JENNINGS AND HALLIE S.
JENNINGS

v.

LIBERTY MUTUAL INSURANCE COMPANY

December 29, 1999

*Cleveland, Waters and Bass, P.A.*, of Concord (*Mark D. Wiseman* on the brief and orally), for the plaintiff.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*James E. Owers* and *Timothy A. Gudas* on the brief, and *Mr. Gudas* orally), for the defendant.

HORTON, J. The plaintiff, Darlene King-Jennings, appeals an order of the Superior Court (*Smith*, J.) denying coverage under a workers' compensation and employer liability insurance policy issued by the defendant, Liberty Mutual Insurance Company (Liberty Mutual). We affirm.

The plaintiff's husband (decedent) was a sole proprietor operating under the business name of Jennings Property Management (business). Founded in 1988, the business provided property maintenance and landscaping services to real property owners in and around Campton. The decedent hired an employee in 1994 and obtained workers' compensation and employer liability insurance coverage from Liberty Mutual. The policy was effective May 16, 1994, the date the employee began work. Although the employee was scheduled to work from May until August, he left his job on July 12. On July 18, the decedent was accidentally electrocuted at work.

The plaintiff filed a claim for workers' compensation, asserting coverage in favor of the business, which Liberty Mutual denied on the ground that the policy provided no coverage for the owner. The plaintiff sought a declaratory judgment that the policy provided coverage for the fatal work-related injury of the decedent as an employee of his sole proprietorship. After a bench trial in December 1997, the trial court entered judgment for Liberty Mutual. This appeal followed.

On appeal, the plaintiff argues that the trial court erred in: (1) failing to find that the policy unambiguously provided personal coverage to the decedent; (2) excluding evidence to aid in determining whether the policy is ambiguous; and (3) failing to shift the burden of proof to Liberty Mutual under RSA 491:22-a (1997).

We first address the plaintiff's argument that the policy unambiguously provided coverage to the decedent. The plaintiff contends that the policy provided coverage to "an insured" and that because the decedent was "an insured" under the policy, he should have been afforded benefits.

■ "Interpretation of a contract, including whether a contract term or clause is ambiguous, is ultimately a question of law for this court to decide." *Shaheen, Cappiello, Stein & Gordon v. Home Ins. Co.*, 143 N.H. 35, 39, 719 A.2d 562, 565 (1998) (quotation omitted). Taking the plain and ordinary meaning of the policy's words in context, "we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Deyette v. Liberty Mut. Ins. Co.*, 142 N.H. 560, 561, 703 A.2d 661, 662 (1997) (quotation omitted).

Under the heading of "Who Is Insured," the policy states that "[y]ou are insured if you are an employer named in item 1 of the Information Page." Item 1 on the Information Page in turn names Jennings Property Management, which is therefore the employer insured under the policy. Merely being an insured under a workers' compensation policy, however, does not entitle an employer to workers' compensation benefits. The workers' compensation statute imposes liability upon the employer for the injuries suffered by an employee during the course of employment. *See Carbonneau v. Company,* 96 N.H. 240, 244, 73 A.2d 802, 806 (1950). An employer obtains workers' compensation insurance, thereby becoming insured under the policy, in order to avoid personal liability for workers' compensation benefits that would be due to an employee who suffers a work-related injury. *See* RSA 281-A:5 (1999). This is clear under the policy's coverage provision, which states that "[w]e will pay promptly when due the benefits *required of [the insured employer]* by the workers compensation law." (Emphasis added).

To determine whether the policy provides workers' compensation benefits to the decedent, we examine the Workers' Compensation Law to determine whether the decedent as a sole proprietor may be considered an employee entitled to benefits. Statutory interpretation is a question of law for this court. *See Cheever v. Southern N.H. Regional Med. Ctr.,* 141 N.H. 589, 590-91, 688 A.2d 565, 566-67 (1997). "We construe a statute according to the plain and ordinary meaning of the words used." *Appeal of Rainville,* 143 N.H. 624, 628, 732 A.2d 406, 410 (1999).

The statute provides in part: "If they elect to be personally covered by this chapter, 'employee' includes persons who regularly operate businesses or practice their trades, professions, or occupations, whether individually, or in partnership, or association with other persons, whether or not they hire others as employees." RSA 281-A:2, VI(a) (1999). In order to be considered an employee for the purposes of workers' compensation, therefore, a sole proprietor must elect to be personally covered. Conversely, if the sole proprietor does not make that election, he or she is not entitled to workers' compensation benefits. The mere fact that a sole proprietor also engages in work that an employee could perform does not turn the sole proprietor into an employee; nor does it relieve the sole proprietor of the responsibility to elect workers' compensation coverage if coverage is desired. *See Lariviere v. New Hampshire Ins. Group,* 120 N.H. 168, 170-71, 413 A.2d 309, 311 (1980).

■ The issue, then, is whether the sole proprietor in this case elected coverage under the terms of RSA 281-A:2, VI(a). The statute does not define "elect." *See* RSA 281-A:2. We therefore look to its plain meaning. *See Appeal of Rainville*, 143 N.H. at 628, 732 A.2d at 410. "Elect" means "to make a selection of: choose." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 731 (unabridged ed. 1961). Upon examination of both the policy application and the policy itself, we do not find any indication that the decedent chose coverage for himself. Moreover, the plaintiff does not challenge the trial court's finding that the decedent failed to elect personal coverage. Rather, she argues that the decedent was personally covered as "an insured" absent an express exclusion. As the statute does not forbid the insurer from excluding personal coverage for a sole proprietor, *see* RSA 281-A:2, VI(a), we conclude that the decedent is not entitled to workers' compensation benefits under the policy.

We next turn to the plaintiff's contention that the trial court erred in failing to consider extrinsic evidence to determine whether the policy was ambiguous, regardless of the ultimate determination.

The plaintiff argues that although extrinsic evidence is inadmissible once a policy is determined to be unambiguous, it should be admitted to demonstrate that an ambiguity exists. Specifically, she argues that the trial court erred in refusing to admit a letter from the New Hampshire Insurance Department to the underwriting department of Liberty Mutual written two years after the decedent's death. The letter states that "[w]hile the election requirement of [RSA 281-A:2, VI(a)] is relatively clear," an ambiguity is created when an insured sole proprietor fails, as did the decedent in this case, to mark a box on the application indicating his or her choice to be either included or excluded from coverage personally. The letter further states that "[w]hile it is not mandatory" to change existing policies, all policies effective after November 1, 1996, that would exclude coverage for sole proprietors, should include a specific exclusion form in order to "clarify the intent of the parties."

■ Even if we assume, without deciding, that extrinsic evidence is admissible to demonstrate that an ambiguity exists, the plaintiff's argument nevertheless fails. Even were the letter to have been admitted, the trial court would still have ruled that the policy was unambiguous. As set forth previously in this opinion, RSA 281-A:2, VI(a), which requires that the sole proprietor actively elect to be personally covered by workers' compensation, necessarily implies

that failure to so elect precludes coverage. Although the New Hampshire Insurance Department may have expressed an opinion that leaving the included/excluded box unmarked could create an ambiguity, that opinion is insufficient as a matter of law to contravene RSA 281-A:2, VI(a). *See Appeal of Rainville*, 143 N.H. at 627, 732 A.2d at 409-10 (administrative interpretation is irrelevant where it is in clear conflict with express statutory language). Accordingly, we reject the plaintiff's argument.

Lastly, we address the plaintiff's argument that the trial court failed to shift the burden of proof onto the insurer as required by RSA 491:22-a.

RSA 491:22-a provides that '[i]n any petition under RSA 491:22 [governing declaratory judgment actions] to determine the coverage of a liability insurance policy, the burden of proof concerning the coverage shall be upon the insurer whether he institutes the petition or whether the claimant asserting the coverage institutes the petition."

The trial court granted Liberty Mutual's request for a ruling that RSA 491:22-a did not apply and that the claimant bore the burden of proof. Liberty Mutual contends that the statutory burden-shifting does not apply to disputes over workers' compensation coverage. We disagree.

Because a declaratory judgment is a broad remedy designed to allow an earlier resolution of a legal or equitable right than would be accomplished by the pursuit of actions at law or equity, we construe it liberally. *See Beaudoin v. State*, 113 N.H. 559, 562, 311 A.2d 310, 313 (1973). We have likewise liberally construed, among other things, the provision allocating the burden of proof in declaratory judgment actions. *See, e.g., Andrews v. Nationwide Mut. Ins. Co.*, 124 N.H. 148, 150, 467 A.2d 254, 256 (1983) (provision applicable to first-party claims). We reasoned in *Andrews* that because the plaintiffs' claims could properly be resolved by means of a petition for declaratory judgment, the statutory provision allocating burden of proof in declaratory judgment actions was applicable. *See id.* at 152, 467 A.2d at 257.

Because neither party argues that the dispute in this case was improperly asserted in an action for declaratory judgment, we assume that the action was lawfully asserted. It follows that RSA 491:22-a applies to shift the burden of proof onto Liberty Mutual and that the trial court erred in ruling otherwise. In light of our disposition of the other issues, however, the trial court's error is

harmless. *See Rodriguez v. Webb,* 141 N.H. 177, 181, 680 A.2d 604, 607 (1996).

*Affirmed.*

All concurred.